LOUISE MARTENS, PLAINTIFF-RESPONDENT, v. HERMAN MARTENS, DEFENDANT-APPELLANT.

Submitted January 27, 1933—Decided June 29, 1933.

Before Justices BODINE and DONGES.

For the defendant-appellant, *Hirschberg & Nashel.*

For the plaintiff-respondent, *Francis A. Castellano, Jr.*

PER CURIAM.

This is an appeal from a judgment of the Bergen County Court of Common Pleas entered upon the verdict of a jury after a trial before Judge Del Mar.

The suit was by a daughter against her father to recover for personal injuries received while a passenger in an automobile owned and driven by the father. At the time of the accident and institution of suit, the girl was a minor and sued by her next friend, but before trial she reached twenty-one and the complaint was amended to make her plaintiff individually.

The grounds of appeal raise the propriety of the refusal to nonsuit or direct a verdict.

The nonsuit and directed verdict were sought on two grounds. One was that the plaintiff was an unemancipated minor and not entitled to recover against her father. In view of the testimony that the plaintiff had worked for three years, paying board and keeping the balance of her earnings; and that at the time of the accident and for a few weeks

prior thereto, she was working as a waitress in her father's restaurant, receiving her board and money wages, the action of the trial judge in submitted the question of emancipation to the jury as one of fact was justified.

The other ground of the motions was the lack of proof of negligence. All the testimony of the happening of the accident comes from the plaintiff and defendant, and they agree in the particulars. Defendant was driving on Bergen Pike at a rate of about thirty miles an hour. It is testified that this is a built-up street where the speed limit would be twenty miles per hour. Thirty-ninth street intersects from the right, and at or near this point Paterson Plank road leads off to the left. As he approached this intersection, a car came out of Thirty-ninth street at a good speed directly in front of him when he was fifteen feet away. Defendant turned sharply to the left in an effort to avoid the collision by entering the Plank road. He did not quite make it and struck a pole at the intersection of that road with Bergen Pike. The only allegation of negligence in the complaint is excessive speed and that is principally relied upon now. Violation of the statute is not of itself conclusive evidence of negligence. Thirty-ninth street was a stop street and defendant was entitled to rely upon cars coming out of that street making a complete stop at the intersection. There is no testimony that the collision could have been avoided in any other way. Defendant said that after turning he became confused and pushed the clutch out but did not succeed in getting his brakes on before hitting the pole.

From the uncontradicted testimony, the defendant was suddenly confronted by a situation of peril, so far as the proofs show, not due to any negligent act of his, and, in the situation, he did what a person of reasonable prudence would do, turn to the left to avoid the oncoming car. He avoided the car, but struck a pole. It is not alleged that there was any negligence on the part of defendant except immoderate speed, but that does not appear to have been the proximate cause of the accident.

The judgment is reversed, with costs.