BETTIE CAFARO, PLAINTIFF-APPELLANT, v. GUIDO CA-FARO, AN INFANT, BY HIS GUARDIAN, CIRO CAFARO, DEFENDANT-APPELLEE.

Argued January 22, 1936—Decided May 16, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the plaintiff-appellant, *Louis Santorf.*

For the defendant-appellee, *Townsend & Doyle* (*Mark Townsend* and *Thomas F. Doyle,* of counsel).

BROGAN, CHIEF JUSTICE. The plaintiff appeals from a judgment of nonsuit entered against her. The action arose out of an automobile accident in which plaintiff was seriously injured and for which she seeks compensation.

The defendant is a minor, aged nineteen, and was the driver of the automobile in question at the time the plaintiff was injured. Plaintiff is the mother of the defendant. The motion for nonsuit was advanced on the theory (1) that the defendant was not guilty of negligence; (2) that the defend-

ant is an unemancipated infant and the mother cannot, under those circumstances, maintain an action against such minor child; and (3) that the plaintiff was not an invitee.

The court, in dealing with the proposition of the mother's right to sue under these circumstances, held, as a matter of law, "that the mother cannot sue the son * * * on the theory of emancipation." He further held that the proof in the case convinced him that the child was not emancipated and further held that the evidence was convincing that plaintiff was a licensee. He rested his judgment of nonsuit on both grounds.

Adverting to the last ground advanced, we think in holding that the mother, as a matter of law, was a licensee the court fell into error. The complaint avers that she was a passenger in the car. The term "passenger" includes the status of an invitee as well as that of a licensee. Her testimony shows that the car was the property of her husband and that the defendant son said to his mother, before going on the journey, "papa wants to bring you to the feast tomorrow."

Members of this family, as part of their business, on certain Italian feast days, were accustomed to operate a commercial stand for the sale of Italian foodstuffs at various parts of the metropolitan district.

Since the plaintiff is entitled, on motion for nonsuit, to have the testimony in evidence considered in a light most favorable to the plaintiff, with all its legitimate inferences, we think that a jury might have as legitimately concluded that she was an invitee and that her status as passenger was that of a licensee.

As to the other ground upon which the court rested the judgment of nonsuit, we think he was likewise in error.

The question whether an infant is emancipated is usually one of fact. *Goldstein* v. *Goldstein,* 4 *N. J. Mis. R.* 711; 134 *Atl. Rep.* 184; *Martens* v. *Martens,* 11 *N. J. Mis. R.* 705; 167 *Atl. Rep.* 227; *Steliga* v. *Metropolitan Casualty Insurance Company of New York,* 113 *N. J. L.* 101 (at *p.* 104); 172 *Atl. Rep.* 793. These cases hold that if there is any evidence of emancipation the determination of whether a party

possesses that status is for the jury and they affirm the right of an emancipated child to its action against a parent in tort. The necessary corollary of the principles outlined therein that an emancipated child may sue a parent for tort is that a parent may sue an emancipated child for its tort. *Crosby* v. *Crosby,* 246 *N. Y. Supp.* (*Appell. Div.*) 384. If there was evidence of emancipation, and we think there was, it was error for the court to control the case by nonsuit. Here the infant was nineteen years of age and had started to work for a mill owner in 1932, almost ten months before the accident. The record discloses that he turned over his wages to his mother from which she deducted an amount sufficient to pay for his board and maintenance, returning the balance to him. Two weeks prior to the accident a strike at the mill put the infant defendant out of work, and during that interval he worked for his parents, receiving, as the plaintiff testified, $12 or $13 a week out of which he actually got $2 or $3, the balance being retained to feed and clothe him.

The fact that a minor works and makes his own contract of employment, as here, is some evidence of emancipation, according to the earlier cases. A parent has the right to the earnings of a minor but those rights may be waived and the infant permitted to contract for his own services and receive the wages of employment. *Snedeker* v. *Everingham,* 27 *N. J. L.* 143; *Costello* v. *Prospect Brewing Co.,* 52 *N. J. Eq.* 557; 30 *Atl. Rep.* 682; *Berla* v. *Meisel,* 52 *Id.* 999.

The evidence of emancipation was, as the trial judge commented, meager, yet, in our judgment, it was sufficient to go to the jury and, if uncontradicted, capable of supporting an affirmative finding on that issue.

Judgment is reversed, and a *venire de novo* awarded.