LAWRENCE FREIN, an Infant, by PETER J. FREIN, His Guardian ad Litem, et al., Plaintiffs, *v.* SEARS, ROEBUCK AND Co., Defendant.

Supreme Court, Trial Term, Kings County, October 20, 1953.

Joseph Kane for plaintiffs.

WALSH, J.  This is an action for personal injuries sustained on April 8, 1947, by the infant plaintiff, then three and one-half years old, on the upper landing of the ascending basement escalator.  The testimony established that the boy was sitting on the upper level of the escalator with his feet towards the basement at the moment of injury.  Although there was no eyewitness as to how the boy got there, the complaint alleges that the infant plaintiff was a passenger on the escalator at the time he was injured.  It may, therefore, be inferred that the infant seated himself on the moving escalator at the basement level and ascended the escalator in that position.

He was unattended by any parent or adult at the time.  He had entered the store accompanied by his aunt and three other children, ranging in age from three to seven years.  While the aunt was preoccupied with making a purchase in the basement, the infant plaintiff wandered away.  Minutes later, when the aunt became aware that he had disappeared, she learned that the infant had been injured on the escalator and had been taken to the nurse's office.  The defendant acted with dispatch in

providing first aid treatment for the infant, whose buttocks had been severely lacerated. The infant was hospitalized for forty-six days, and made a good recovery, no vital organs having been affected nor normal functions disturbed.

The complaint charged negligence in several respects; defective condition, lack of proper safety devices, and failure to provide attendants. Plaintiffs, however, failed to prove or even offer to prove that the escalator was defective, or that it lacked safety devices, or that the defendant failed to use reasonable care in its inspection and maintenance, or that there was any crowded condition in the store on the day in question.

Defendant, on the other hand, proved that its escalators were inspected each day, prior to the opening of the store, by an experienced escalator maintenance man, assigned for that purpose by the Otis Elevator Company under a five-year maintenance contract. The uncontradicted testimony was that the escalator was of an approved type, equipped with all safety devices required by law and ordinance, was not defective, that the escalator had been inspected on the morning of the accident, and again on the morning following the accident, and had been found to be in good working order on both occasions.

The applicable legal principles are clear. Defendant is not an insurer of the safety of persons within its premises. Its sole duty was to use reasonable care. (*Calabrese* v. *McCreery & Co.*, 187 Misc. 538; *Glennon* v. *McCreery & Co.*, 271 App. Div. 977; *McGrell* v. *Buffalo Office Bldg. Co.*, 153 N. Y. 265.) A store's liability for actionable negligence does not include every possible accident due to unusual and unforeseeable combinations of circumstances. To hold the defendant liable for this accident would, under the facts disclosed, be tantamount to imposing liability without fault. It would impose on the defendant the legal obligation to anticipate that an infant of tender years would wander away from the supervision of its parent and expose himself to injury by seating himself on the steps of a moving escalator. The law imposes no such burden. (*O'Connor* v. *Webber*, 219 N. Y. 439; *Loftus* v. *Union Ferry Co.*, 84 N. Y. 455; *Lafflin* v. *Buffalo & Southwestern R. R. Co.*, 106 N. Y. 136; *Wein* v. *Woolworth Co.*, 223 App. Div. 794; *Pardington* v. *Abraham*, 93 App. Div. 359, affd. 183 N. Y. 553; *Polemenakos* v. *Cohn*, 234 App. Div. 563, affd. 260 N. Y. 524.) An escalator is not accident-proof. It is designed only for the safe conveyance of standing passengers. The applicable rule requiring reasonable care only is not affected by the possibility

that a young child may be " attracted " to the escalator. (*Calabrese* v. *McCreery & Co., supra.* See, also, *Kuhn* v. *Long Island R. R. Co.,* 222 App. Div. 818.)

An infant of only three and one-half years is *non sui juris,* and his contributory negligence may not be asserted against him, nor, under section 73 of the Domestic Relations Law, may contributory negligence of the infant's aunt be imputed to him. However, the duty of supervision and care of an infant of tender years in a department store may not be shifted to the store owner. The owner does not in law stand *in loco parentis* to such child, and does not assume the responsibility for his supervision or care. (*Bullis* v. *Schuyler Heights,* 276 App. Div. 630, affd. 302 N. Y. 722.)

Finally, liability against a store owner may not be predicated on its failure to maintain personal attendants at escalator landings unless crowded conditions exist. There was no proof of crowded conditions. Hence no liability may be predicated on defendant's failure to provide attendants at the landing of the escalator. (*Cockfield* v. *Mays Furs & Ready To Wear,* 59 N. Y. S. 2d 744, affd. without opinion, 269 App. Div. 1043.)

The jury returned a verdict for the infant of $900 and for the father of $1,100, his proven medical and hospital expenses. The infant underwent a surgical operation, spent forty-six days in the hospital, and will bear permanent scars. The jury award to the infant of less than the special damages clearly shows that the jury found no negligence but returned this verdict out of sympathy only.

The jury, although instructed that if the injury was caused solely by acts of the infant and not by any negligence of the defendant, or defective condition of the escalator, the verdict was to be for the defendant, obviously rejected the law applicable and the facts preponderantly supported by the record, in its sympathetic desire to find for the plaintiffs.

Defendant moved to set aside the verdicts and renewed its motions to dismiss the complaint and for a directed verdict. The court finds the verdicts of the jury to be contrary to the evidence and to the law. The defendant's motions are granted. The verdicts are set aside, and a verdict is directed for the defendant, Judgment will be entered dismissing the complaint.