HARRY W. STRAHORN, JR., infant, by his next friend, Harry W. Strahorn, and HARRY W. STRAHORN, Plaintiffs, v. SEARS, ROEBUCK AND CO., a New York corporation, Defendant.

(*May* 4, 1956.)

LAYTON, J., sitting.

*Clement C. Wood* (of Young and Wood) for the Plaintiffs.

*S. Samuel Arsht* (of Morris, Steel, Nichols and Arsht) for the Defendant.

Superior Court for New Castle County, No. 1046, Civil Action, 1955.

LAYTON, J.:

■ The question is one of first impression in this State. Elsewhere, the cases are in confusion due, at least in part, to the manifold complexities existing in the parent-child relationship. The majority rule is that an unemancipated minor cannot sue a parent in tort in a case of ordinary negligence. Note 19 *A. L. R.* 2d 439; *Wood v. Wood*, 135 *Conn.* 280, 63 *A.* 2d 586; *Skillin v. Skillin*, 130 *Me.* 223, 154 *A.* 570; *Hewlett v. George*, 68 *Miss.* 703, 9 *So.* 885, 13 *L. R. A.* 682; *Luster v. Luster*, 299 *Mass.* 480, 13 *N. E.* 2d 438; *Martens v. Martens*, 11 *N. J. Misc.* 705, 167 *A.* 227.

The rule is based upon public policy and designed to preserve the peace and harmony of the home. *Hewlett v. George, supra.* It is founded upon a recognition of the practical aspects of the family relationship. In the highly complex life of today, it is impossible to imagine even the most devoted and intelligent

parent, of necessity the companion, nurse and attendant of his infant child, not being guilty of some occasional act of negligence resulting in injuries ranging all the way from fingers smashed by the door of an automobile to the most serious, sometimes fatal, consequences. And the threat of a civil suit by the injured child against a parent already horrified and remorseful from the consequences of his own negligence is utterly repugnant.

A number of cases superficially contrary to the general rule above discussed may be distinguished because of the factual situations. Thus, in *Clasen v. Pruhs*, 69 *Neb.* 278, 95 *N. W.* 640, the parent was charged with wilful failure to provide sufficient food, clothing and shelter; and in *Cowgill v. Boock*, 189 *Or.* 282, 218 *P.* 2d 445, 19 *A. L. R.* 2d 405, a son injured while riding with his drunken father was permitted to sue. In *Dunlap v. Dunlap*, 84 *N. H.* 352, 150 *A.* 905, 71 *A. L. R.* 1055, the 16 year old son of a contractor father, a regular employee on his father's payroll, was permitted to sue for injuries resulting from the collapse of a carelessly erected scaffold upon which he was working. In *Worrell v. Worrell*, 174 *Va.* 11, 4 *S. E.* 2d 343, a girl injured while riding on a commercial bus line operated by her father, insured under a statute requiring liability insurance for common carriers, was allowed to maintain an action against her parent. *Ruiz v. Clancy*, 182 *La.* 935, 162 *So.* 734 and *Minkin v. Minkin*, 336 *Pa.* 49, 7 *A.* 2d 461, were cases based upon specific state statutes which the courts interpreted as announcing a public policy contrary to that upon which the majority of the cases above discussed were founded. The *Clasen* and *Cowgill* cases fall within a well-defined exception to the general rule which permits a minor to sue his parents for wilful or malicious misconduct. Note, 19 *A. L. R.* 2d 451. The *Worrell* and *Dunlap* cases present factual situations where the parent-child status had become subordinated to a new legal relationship, *viz.*: Passenger-common carrier and master and servant, respectively.

However, a few cases admittedly hold that a child may sue his parent for simple negligence arising from the ordinary par-

ent-child relationship. *Signs v. Signs,* 156 *Ohio St.* 566, 103 *N.E.* 2d 743; *Borst v. Borst,* 41 *Wash.* 2d 642, 251 *P.* 2d 149. With deference, I disagree with the philosophy of these decisions.

■ From the meager facts which I can gather from the Complaint in this case together with arguments of counsel upon the motions, it appears that the child, Harry, Jr., twisted away from his father's grip[3] while shopping in defendant's department store, and ran to an escalator upon which he tripped and fell, mangling his fingers in the moving parts at the bottom. The law upon this subject briefly reviewed above, compels the conclusion that were Harry, Jr., to sue his parent directly for negligence in allowing him to escape his control and fall upon the escalator, such a suit would be forbidden by public policy. Nor does the fact that contribution is sought rather than a direct action for damages by the son against the parent alter the circumstances. The cases upon the subject, though few, are analyzed in a note in 19 *A. L. R.* 2d 1003, where it is said:

"The courts have recognized and applied with practical unanimity the rule that to entitle a tortfeasor to contribution from another tortfeasor whose negligence has concurred in producing an injury to a third person, such third person must have an enforceable cause of action not only against the tortfeasor seeking contribution but also against the one against whom contribution is sought.

"In the application of this universally recognized rule of contribution between joint tortfeasors, the courts in most of the few cases passing upon the question have denied to a tort-feasor the right to contribution from one whose concurrent negligence produced the injury of the plaintiff in the tort action, where, because of a marital, filial, or other family relationship between such injured person and the tort-feasor against whom contribu-

---

[3]Mrs. Strahorn was also present but whether she, Mr. Strahorn or both parents had the child in their immediate custody at the time is not important for the purposes of this discussion.

tion is sought, the former had no enforceable right of action against the latter, since the element of common liability of both tortfeasors to the injured person, essential to the right of contribution, is lacking in such cases."

The defendant's motion to join the father as a third-party defendant is denied. *Lutz v. Boltz,* 9 *Terry* 197, 100 *A.* 2d 647; *Ferguson v. Davis,* 9 *Terry* 299, 102 *A.* 2d 707.

Next, defendants have moved to strike the allegations of Par. 2(a) and 2(e) from the Complaint. These allegations are somewhat repetitious, the first charging that defendant "failed to station guards at or near the escalator to protect and warn persons using said escalator from the hazards thereof", and the second, that defendant "failed to station attendants at said escalator to assist children in the use of said escalator." By the decided weight of authority, store owners are not required to station attendants to warn children of the dangers inherent in the use of a modern, scientifically constructed escalator.[4] 38 *Am. Jur.,* Negligence, Sec. 89, p. 749. *Browne v. Rosenfield's, Inc., La. App.,* 42 *So.* 2d 885; *Kataoka v. May Department Stores Co., D. C.,* 28 *F. Supp.* 3; *L. S. Ayres & Co. v. Hicks, Ind. Sup.,* 40 *N. E.* 2d 334; *Mills v. Lit Bros.,* 347 *Pa.* 174, 32 *A.* 2d 10; *Heps v. Burdine's, Inc., Fla.,* 69 *So.* 2d 340; *Frein v. Sears, Roebuck & Co.,* 204 *Misc.* 694, 125 *N. Y. S.* 2d 773. Defendant's motion to strike paragraphs 2(a) and 2(e) from the Complaint is granted.

Finally, there is defendant's motion to dismiss Count II of the Complaint, based upon *res ipsa loquitur,* for failing to set out the negligence with particularity as required by Rule 9(b) of the Rules of Civil Procedure. In the light of *Steenburg v. Harry Braunstein, Inc.,* 6 *Terry* 588, 77 *A.* 2d 206, reported in 1950, the contention is dismissed without further discussion. Whether, however, Count II constitutes a valid *res ipsa loquitur* count in the light of the fact that in other portions of

---

[4]If the escalator were defective in some fashion, a suit would lie for that reason.

the Complaint it is set forth with preciseness how and by what means the accident occurred, is a debatable proposition. It appears to me that there is little, if any, mystery about this case. Escalators are moving staircases. They must have moving parts, and I have not heard of an escalator so constructed as to have all moving parts completely inaccessible. Thus, Harry, Jr. fell and his fingers became caught in the aperture between the sidewall and the moving stairs. Such a set of circumstances scarcely seems to furnish a valid basis for a plea of *res ipsa loquitur*. *Russell v. Illinois Cent. R. Co.*, 338 *Ill. App.* 655, 88 *N. E.* 2d 380; *Lukitch v. St. Louis Public Service Co.*, 362 *Mo.* 1071, 246 *S. W.* 2d 749. However, Rule 8(e) (2) of the Rules of this Court states:

"A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency. All statements shall be made subject to the obligations set forth in Rule 11."

This language is very broad and, despite doubt on the subject, will be interpreted at this stage of the case as sufficiently elastic to permit a plea of *res ipsa loquitur*. Motion to strike Count II denied.

### Supplemental Opinion

■ Defendant's supplemental motion to strike Par. 2(i) from the Complaint was, by agreement of counsel, argued in connection with the above motions. Par. 2(i) charges in substance that defendant operated a defectively constructed escalator. Such an allegation does not comply with Rule 9(b) of this Court requiring that "The circumstances constituting * * * Negligence shall be stated with particularity." If plaintiff is unaware of the nature of the defect, he may rely upon the doctrine

of *res ipsa loquitur*. But, here, he has already taken advantage of this form of pleading.

In his brief, plaintiff states that the defect lay in the failure to construct some form of shield over the open, moving parts of the escalator. A proper compliance with Rule 9(b) would require that Par. 2(i) be amended to allege defendant's failure to cover the moving parts of this escalator with such a shield. Defendant's motion to strike Par. 2(i) is granted.