William R. Brennan, Jr., J.
This negligence case fails on many counts. It is claimed that while Mr. and Mrs. Rubin and their two children were vacationing at defendant’s family resort hotel, the infant plaintiff, then just six years of age, fell out of the top tier of a double-decker bunk bed and sustained personal injuries. The fall allegedly occurred while the infant and her four-year-old brother were alone in the room, and allegedly because there was no guardrail on the bed.
Apparently the theory advanced would make actionable negligence out of the mere supplying of a bunk bed without a guardrail. Not one iota of additional neglect is claimed. The theory would require of the hotelkeeper a standard of care toward the infant which would be more strict than that expected of her own parents who were occupying the same room and to whom the condition of the bed was obvious. Of course the contributory negligence of a parent is not to be attributed to the child. (Domestic Relations Law, § 73.) This does not mean, however, that a parent’s negligence can therefore be transferred to the *132 hotelkeeper. (Bullis v. Schuyler Hgts., 276 App. Div. 630; Frein v. Sears, Roebuck & Co., 204 Misc. 694.) The court is not prepared to state that a hunk bed without a guardrail is a dangerous instrumentality in and of itself. Such a bed, even with a guardrail, might be very dangerous to a child 6 months of age. Without a guardrail such a bed may be entirely safe for a child of 14 years. It is for the parents of the child to determine what equipment is necessary or suitable for their own children. The hotelkeeper cannot be presumed to know.
Whatever merit the theory may have, however, it cannot prevail in this case. Plaintiff has failed to prove by a preponderance of the evidence that there was in fact no guardrail on the bed. Nor was any attempt made to prove that there was no guardrail available, in the room or elsewhere in the hotel, by request, as optional equipment. Moreover, the plaintiff has utterly failed to prove that the child actually fell out of bed. The infant, eight years old at the time of this nonjury trial, was allowed to be sworn, over objection of the defendant, even though it was apparent that she did not understand too well the nature of the oath. In spite of the latitude permitted plaintiff’s counsel in interrogating the child, she never once testified that she fell out of bed. The complaint is therefore dismissed.