## WILSON v. WESLER, Admx.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3003. Decided June 20, 1927.

**First Publication of this Opinion.**

### Syllabus by Editorial Staff.

**480.—EVIDENCE.**

1. All evidence must tend to establish some issue made by the pleadings. Injection of facts not relevant and material to some issue is error for which judgment will be reversed.

2. Questions not relevant to some issue, but which tend to show that defendant was insured in casualty company or that defense is conducted by insurance company, so incompetent and dangerous as to require reversal, even when court strikes them from record and directs jury to disregard them, unless it clearly appears that such questions could not have influenced verdict.

Error to Common Pleas.

Judgment reversed.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for Wilson.

Herman C. Bolsinger and Nichols, Morrill, Stewart & Ginter, Cincinnati, for Wesler, Admx.

### STATEMENT OF FACTS.

Lillie Wesler, administratrix of the estate of Frank Wesler, deceased, brought an action, against Mrs. Edward W. Wilson, for injuries, expenses, loss of wages, and for causing the death of said Frank Wesler. The petition alleged that Mrs. Wilson negligently operated her automobile, and that, because of such negligence, the deceased was injured and, from the effects of such injury, he died. The answer was a general denial.

A verdict was returned for the plaintiff, and this action is prosecuted to reverse the judgment entered on that verdict.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

CUSHING, J.

The record discloses that counsel for plaintiff in the trial court, in cross-examining the defendant, asked the following questions:

"Q. Which way was your machine, straight or catacornered, when you passed that car?

"A. I don't remember just how it was. I just come around the corner.

"Q. You don't remember whether it was straight or catacornered?

"A. No; I don't remember.

"Q. Didn't you report to your insurance company that you went straight catacornered across that corner?

"A. No, sir. I did not."

The trial court, at that time, instructed the jury that the question was improper, and that the jury should disregard it.

The question was improper, as there was no issue to which the testimony was relevant. The purpose of the question was to suggest to the jury that the defendant is protected against loss by an indemnitor, not a party to the cause of action.

The rule is that testimony must relate to the issues made by the pleadings. There was no issue to which this testimony could, in the remotest degree, be relevant. The rule is stated thus; that the defendant, in an action for negligence, was insured in a casualty company, or that the defense was conducted by an insurance company, is incompetent and so dangerous as to require a reversal, even when the court strikes it from the record and directs the jury to disregard it, unless it clearly appears that it could not have influenced the verdict. Simpson v. Foundation Co., 201 N. Y. 479. To the same effect are the following: Schmidt v. Schlam, 20 C. C. (n.s.) 99; Cement Co. v. Hatt, 231 Fed. 611; Curran v. Lorch, 243 Pa. 247; International Co. v. Clark, 147 Md. 34.

In Duke v. Parker, 125 S. Car. 442, the court used this language: "Such evidence or argument has a manifest and strong tendency to carry the jury away from the real issue and to lead them to regard carelessly the legal right of the defendant, on the ground that some one else will have to pay the verdict."

We repeat and emphasize the rule that all evidence must tend to establish some issue, made by the pleadings, and that the injection of facts, not relevant and material to the issue, are errors, for which the judgment will be reversed.

(Hamilton, PJ., concurs. Buchwalter, J., not participating.)