Common Pleas Court of Hamilton County

JOSEPH PALUZZI V. JAMES T. PEARL, JR.

Decided January 26, 1933.

*Nichols, Morrill, Wood, Marx & Ginter,* and *William C. Kelly,* for plaintiff.

*Ragland, Dixon & Murphy,* for defendant.

ALFRED MACK, J.

In this cause plaintiff recovered a verdict of one thousand dollars as damages for injuries claimed to have been sustained by reason of having been struck by a motor truck negligently operated by defendant. The cause has been submitted on motion for a new trial. Both as to the extent of injuries and as to the alleged negligence of defendant there was a sharp conflict in the evidence.

While the court might have reached a different conclusion as to fault and possibly the amount of damages, nevertheless, the court cannot say that the verdict is contrary to the weight of the evidence nor that the amount of the verdict is excessive.

In the course of the trial counsel for the plaintiff asked the following question:

"Q. What doctor was it you saw then?
"A. Doctor Furste, sent by an insurance company."

Thereupon the attorney for defendant moved that said remark go out, and the court ruled that the expression "sent by an insurance company will go out." Thereafter during the cross-examination of plaintiff, and when the court was requested to rule on certain evidence, the attorney for plaintiff said, in the presence of the jury, the witness said, "Doctor Furste was sent by the insurance company." Thereupon counsel for the defendant moved that a juror be withdrawn and that the case be continued on account of such statement. The court overruled said motion after cautioning the jury to disregard such remark.

Upon a mature consideration the court is now of opinion, and especially in view of the sharp conflict in the evidence both pointed out, the motion to withdraw a juror should have been granted. This conclusion is reached reluctantly but is the only course to be followed in view of the ruling of our Court of Appeals in the case of

*Wilson* v. *Wesler, Admx.,* 27 Ohio App., 386, at 390. In that case the rule is laid down that such testimony is incompetent and was so dangerous as to require a reversal even when the court strikes it from the record and directs the jury to disregard it, unless it clearly appears that it could not have influenced the verdict.

A like ruling was made by the Court of Appeals for Cuyahoga county in the earlier case of *Schmidt* v. *Schalm,* 2 Ohio App., 268, at 275.

For the foregoing reason the motion for a new trial will be granted.