### DeROSE et v CLEVELAND (city)

Ohio Appeals, 8th Dist Cuyahoga Co

No 12981.   Decided Feb 20, 1933

John L. Dowling, Cleveland, J. R. and H. R. Snyder, Cleveland, for plaintiffs in error.
Leslie Nichols, Cleveland, for defendant in error.

MAUCK, PJ, MIDDLETON and BLOSSER, JJ, (4th Dist) sitting.

**BLOSSER, J.**

Counsel assert that prejudicial error intervened in the trial of the case, and extended and exhaustive briefs have been filed in which numerous authorities have been cited. We will not review in detail all of the many assignments of error but we will, however, discuss what appears to be the substantial and controlling claim of the parties.

Before proceeding with the improvement the council of the City of Cleveland had passed ordinance No. 83,240, which in a general way dealt with the granting to the Nickel Plate Railroad Company the right, manner and condition of crossing certain streets caused by and growing out of the erection of the terminal building at the public square. The defendants offered in evidence this ordinance as a whole and its parts separately. Most of the ordinance was admitted by the court but parts of it were refused. The defendants assert that in this the court erred. The parts in controversy provided that the City reserved the right, control and direction of the improvement but that the railway company would save the city harmless from all claims against or damages suffered by the city and for expenses and costs of every kind, character and description, including claims for damages to abutting or adjacent land owners, and against any and all claims growing out of any street crossing or change of grade, etc.; and further that upon the completion of such change of grade the paving, sidewalk and other improvements were to be restored to their present condition, ·to the approval of the city engineer, but that all of said work was to be done at the expense of the railroad company.

In this instance the City of Cleveland granted a franchise to the railroad company to use certain of its streets for the purpose of making possible the building of the new railroad terminal. In so doing it was exercising one of its powers as a municipality and as a step in aiding the growth and progress of the city. In the exercise of one of its powers it was immaterial to the property owner whether the railroad company indemnified and insured the city against loss or damage arising from the improvement. Such indemnity did not increase nor diminish the rights of the property owners. The same principle involved has been before the courts of Ohio arising out of the admissibility of evidence of liability insurance in automobile cases. It is a matter of common knowledge that if it is known by the jury that an insurance or railroad company, rather than an individual, must pay the amount of a verdict to be returned in favor of the plaintiff the probabilities are that it will tend to create prejudice and cause it to be more liberal in its finding.

The case of **Maddex v Columber, 114 Oh St 178,** cited by the defendants, can not be construed as indicating that this kind of evidence is admissible. The view of the

Ohio courts on the admissibility of this kind of evidence is expressed in **Schmidt v Schalm, 20 O.C.C. (N.S.) 99; Frank v Corcoran, 25 Oh Ap 356; (6 Abs 63); Wilson v Wheeler, Admrx., 27 Oh Ap 386, (6 Abs 249).** The admission of this kind of evidence would have been highly improper and prejudicial, and we do not know on what issues in the case such evidence would be competent.

Counsel for the defendants assert that the court erred in excluding evidence of the consideration of specific sales of similar property in the vicinity when asked on the cross examination of one of the city's experts on values. At page 96 of the record it is disclosed that when an expert for the city was testifying on cross examination the court indicated that he had no interest in the sale price of other properties. This position was not entirely correct. While there has been some confusion among the courts and authorities the better rule adopted by the Ohio courts is that a witness called as to values of real estate, after being qualified as an expert, may state in his direct examination in chief that he is acquainted with the values of real estate in the vicinity of the property in litigation and that he knows the sale price of specific parcels or tracts of similar quality and location, but he can not testify in chief what those sale prices were. However, on cross examination he may testify as to the sale price of other similar property if it is first made to appear that the other property is similarly situated, that the sale was made in an open and fair market, sufficiently near in point of time, and that there were other circumstances relative to value. In this case these facts did not appear and we can not say that the trial court erred in excluding the evidence. The rule as to the admission of this kind of evidence is discussed in **Naftzger v State, 24 Oh St 183; Muccino v Railroad Co., 33 Oh Ap 102; (7 Abs 719); 17 O. Jur., §170.**

The defendants complain of the court's refusal to give before argument certain special charges with reference to damages. In support of the first request they cite the case of **Chesapeake and Hocking Ry. Co. v Snyder, 38 Oh Ap 279, (9 Abs 365).** That case was decided by this court and we are familiar with the facts and principles there involved. In that case a right of way for railroad purposes was appropriated several years before. At the time of the appropriation trial it was indicated by the blue prints and other evidence that the railroad was to be constructed on the right of way in a cut below the surface. This was not done but later a railroad was built on a fill or embankment several feet high on the right of way. In a suit for damages brought by the land owner for the building of the embankment this court held that there is no limitation on the way in which the appropriator may use the appropriated property where there is no limitation placed upon the appropriator's use of the land taken. But in this case the extent of the change in the grade of the street in front of the defendants' property is fixed and certain. It was raised 5.75 feet at the east lot line and 4.20 feet at the west lot line. The extent of the change is definite and nothing is left to speculation or future contingencies. The rule in the Snyder case does not apply in this case for here the city had exhausted its rights provided for under the legislation when the change of grade was completed according to the specifications therein contained.

It is seriously urged that the court erred as to the measure of damages. The question is raised in the court's refusal to give special charges, the court's general charge and in the court's refusal to submit to the jury the defendants' special findings. The defendants urged that the measure of damages is the difference between the market value of the premises immediately before the change of grade was made and the market value of the premises immediately after the change of grade was completed. The court refused to accept this view because it involved the consideration of loss or damage which was caused by the general depression of all properties caused by the depression and existing economic conditions. The evidence was practically undisputed that there was a general depreciation of property due to the depression, and some of the witnesses testified that this depression during the time in question amounted to from 5% to 15% on the property on Quebec Avenue in the vicinity of the defendants' premises. The defendants' request to charge and their special findings were properly refused because standing alone the statements were misleading and because they ignored this feature which was brought into the case by the undisputed evidence. The court in the general charge stated the correct rule of damages to be allowed and properly added:

"and in determining that amount there should not be figured and charged in this case any damages that occurred from any other source."

It would have been manifestly improper for the jury to have considered any element of damage other than that caused by the change of grade.

As to the court's failure to charge as requested according to the rule in the **Gohman case, 111 Oh St 726,** the rule there laid down does not apply because that case involved the reasonableness of the grade established and the question of loss or depreciation by reason of the general depression was not brought into the case.

We have examined all of the assignments of error complained of but do not find anything in the record that would justify a reversal.

The judgment is affirmed.

MAUCK, PJ, and MIDDLETON, J, concur.