WILLIAM C. BLATZ, Defendant Below, Plaintiff in Error, *v.* J. HARRY WILSON, Plaintiff Below, Defendant in Error.

(*July* 11, 1933.)

WOLCOTT, Chancellor, PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*Charles F. Curley* and *James M. Malloy* for Plaintiff in Error.

*Henry R. Isaacs* for Defendant in Error.

Supreme Court, No. 4, October Term, 1932.

Writ of Error to the Superior Court for New Castle County.

RICHARDS, J., delivering the opinion of the Court:

The defendant is relying upon assignments of error numbers two, three, four and five. It is contended in support of these assignments of error, that the question asked by the attorney for the plaintiff and the answer thereto by the plaintiff, prejudiced the jury against the defendant because they conveyed to the jury the impression that the

defendant was insured against liability for the collision upon which the suit in question was based; and that any judgment which might be recovered against the defendant would be paid by the insurance company.

Counsel for the defendant argued that the necessary inference to the jury from the answer given by the plaintiff to the question asked by his attorney, was that an insurance company had paid the damage to his automobile caused by the collision; and in view of the fact that such damages were claimed by the plaintiff in his declaration from the defendant, together with damages for his personal injuries, the equally necessary inference to be drawn by the jury was that the insurance company, and not the defendant, would pay any judgment that might be rendered in favor of the plaintiff for his personal injuries. To the argument made on behalf of the defendant, counsel for the plaintiff replies that it no where appears from the record, that there was any evidence admitted throughout the trial of the case or any circumstance which worked prejudice to the defendant or was capable of so doing.

He expresses doubt if the jury ever heard the plaintiff when he said "insurance company," and argues that if the plaintiff had gone farther and said that the insurance company had paid the damage to his automobile, it could not possibly have prejudiced the jury against the defendant. In support of this position it is argued that even though the defendant may have carried insurance on his automobile, he might not have carried insurance to protect himself against personal injuries.

The course usually followed by the trial court in this state, in the trial of cases where the plaintiff seeks to recover for personal injuries or damage to property, and during the course of which questions are asked or statements made tending to show that the defendant carries indemnity insurance which it is contended are prejudicial

to the defendant, is to instruct the jury to disregard such testimony or references.

In cases where counsel has persisted in asking questions of this character, the Court has usually instructed him that such questions were improper and could not be continued. But this is the first time in this state that information of this kind brought out during the trial of a case, either by question and answer or statement of counsel, has been made the basis of a writ of error to the Supreme Court.

Many courts in this country have held that the prejudicial effect on the jury in the trial of a negligence case, of evidence, statements or arguments, from which it might obtain the inference that the defendant was insured against liability, cannot be cured by striking it from the record or the Court directing the jury to disregard it.

The theory of some courts is that evidence that the defendant is insured against liability for damages growing out of a collision or accident, conveys to the jury the suggestion that the defendant is not concerned with the amount of the verdict they render for the plaintiff, because it will be paid by the insurance company. It is also held that the fact that objections are made to such questions and statements, is probably more prejudicial to the defendant than otherwise, as it brings such objectionable evidence particularly to the attention of the jury, and, therefore, the party responsible for bringing such testimony into the case should pay the penalty. The effect of these decisions is that the only purpose such evidence can serve is to prejudice the jury, and the poison is of such a character, that after it is conveyed to the mind it is difficult to stamp it out. For this reason they hold that verdicts rendered for the plaintiffs, after such evidence has been admitted, should be reversed. *Standridge v. Martin,* 203 *Ala.* 486, 84 *So.* 266, 267; *Simpson v. Foundation Co.,* 201 *N. Y.* 479, 95 *N. E.* 10, *Ann. Cas.* 1912*B,* 321; *International Co. v. Clark,*

147 *Md*. 34, 127 *A*. 647; *Coon v. Manley* (*Tex. Civ. App.*), 196 *S. W.* 606; *Martin v. Lilly*, 188 *Ind*. 139, 121 *N. E.* 443; *Horsford v. Carolina Glass Co.*, 92 *S. C.* 236, 75 *S. E.* 533; *Chernick v. Ind. American Ice Cream Co.*, 66 *Misc.* 177, 121 *N. Y. S.* 352; *Birch v. Abercrombie*, 74 *Wash.* 486, 133 *P.* 1020, 50 *L. R. A.* (*N. S.*) 59; *Coe v. Van Why*, 33 *Colo.* 315, 80 *P.* 894, 3 *Ann. Cas.* 552; *Walters v. Appalachian Power Co.*, 75 *W. Va.* 676, 84 *S. E.* 617; *Hollis v. U. S. Glass Co.*, 220 *Pa.* 49, 69 *A.* 55; *F. W. Woolworth Co. v. Davis* (*C. C. A.*), 41 *F.* (2d) 342, 343; *Wilson v. Wesler*, 27 *Ohio App.* 386, 160 *N. E.* 863; *Curran v. Lorch*, 243 *Pa.* 247, 90 *A.* 62.

There are other decisions in which the Courts hold that while statements tending to show that the defendant is insured are highly prejudicial, yet, if the trial Judge promptly sustains the objections made to such statements and instructs the jury to disregard them, this course is sufficient to protect the defendant. *Terry Dairy Co. v. Parker*, 144 *Ark.* 401, 223 *S. W.* 6; *Home Telephone Co. v. Weir*, 53 *Ind. App.* 466, 101 *N. E.* 1020; *Ingram v. Robinson*, 199 *Ky.* 631, 251 *S. W.* 655; *Morris v. Montgomery*, 229 *Mich.* 509, 201 *N. W.* 496; *Bennett v. G. T. O'Maley Tractor Co.*, 209 *Mo. App.* 619, 238 *S. W.* 144; *Holt v. Oval Oak Mfg. Co.*, 117 *N. C.* 170, 98 *S. E.* 369; *Coolidge v. Hallauer*, 126 *Wis.* 244, 105 *N. W.* 568.

The above cited authorities show that the Courts are divided as to the proper course to be taken when it is brought to the attention of the jury, during the trial of a case for personal injuries or damage to property, that the defendant carried indemnity insurance.

We cannot agree with the contention of counsel for the plaintiff below that it is doubtful if the jury heard the plaintiff utter the words "insurance company." In fact, we think it is only fair to assume that the jury, which had been sworn to try the case upon the evidence, given by the witnesses, heard all of said evidence, especially, that

of the plaintiff. It is true that we have no way of determining what construction was placed upon the words by the jury. It is also true that the defendant may have carried insurance against damage to his automobile, and may not have carried insurance against personal injuries, but we cannot assume that fact. The words spoken by the plaintiff, "No claim I have. The insurance company—," convey to the mind of the average person either that whatever claim he had was paid by the insurance company, or that there had been some transaction between him and the insurance company in reference to his claim. We have not lost sight of the fact, that these words were spoken in reply to a question which referred to a claim for damage to his automobile, but it must also be remembered, that the plaintiff originally sought to recover both personal injuries and damage to his automobile in the same suit; that the declaration filed in case covered both personal injuries and damage to property; and the plaintiff's attorney in his opening remarks to the jury stated that the plaintiff was seeking to recover for both personal injuries and damage to his automobile. We agree with the statement made by the Court in the case of *Standridge v. Martin*, when it said,

"There can scarcely be made to a jury a more seductive and insidious suggestion than that a verdict for damages against the defendant before them will be visited, not upon that defendant, but upon some invisible corporation whose business it is to stand for and pay such damages."

But we cannot agree with the further statement of the Court in that case, when it said,

"Such a suggestion, once lodged in the minds of the jury, is almost certain to stick in their consciousness, and to have its effect upon their verdict, regardless of any theoretical exclusion of it by the trial judge."

To take such a position would be tantamount to saying that the jury pays no attention to instructions given it by the Court during the trial of a case, and we are not willing to say that. We think that circumstances might arise dur-

ing the trial of a case, indicating that the defendant carried insurance which would indemnify him against the damages sought to be recovered, or statements might be made in reference to the defendant being insured, which were of such a character, and persisted upon to such an extent, that the trial Court would be justified in declaring a mistrial.

 But as a general proposition we are of the opinion that it is sufficient for the Court to instruct the jury that evidence or statements in reference to the defendant being insured, brought out or made during the course of the trial of a negligence case, should be disregarded by it and not considered in agreeing upon its verdict. The determination of the course which should be followed by the Court in the trial of a case is always within its sound discretion. We feel that this discretion should always be exercised in such a manner as will best protect the interests of all parties to the cause.

In the present case the Court offered to restrict the mention of the insurance company to damages to the automobile, but counsel for the defendant having taken the position that he had no right to suggest to the Court as to what it ought to do, consequently nothing was done.

 In view of the well established practice in this state, we are of the opinion that the jury should have been instructed to disregard the reference made to the insurance company, and that the Court committed error by not doing so.

Judgment reversed and new trial ordered.