DORIS ANN STEENBURG, formerly Doris Ann Marshall, Plaintiff, *v.* HARRY BRAUNSTEIN, INC., Defendant.

(*November* 22, 1950.)

LAYTON, J., sitting.

*Stewart Lynch* for the Plaintiff.

*Edwin D. Steel, Jr.,* (of the firm of Morris, Steel, Nichols and Arsht) for the Defendant.

Superior Court for New Castle County, No. 583, Civil Action, 1950.

LAYTON, J.:

Defendant has moved first to dismiss the complaint upon the ground that Plaintiff is not the real party in interest within the meaning of Rule 17(a) of the Rules of the Superior Court which is identical with *Fed. Rules Civ.Proc. rule* 17(a), 28 *U.S.C.A.* The Rule reads "Every action shall be prosecuted in the name of the real party in interest* * *."

Defendant contends that this motion presents squarely the question whether an Insured is entitled to maintain an action in his own name against a third party for damages despite the fact

that he has been fully paid for his loss by an insurance carrier under a so-called loan agreement.

■■ But, as I view the facts, the point is not so clearly raised as Defendant insists. If I construed the loan agreement as a "loan," Defendant's position would be untenable because no right of subrogation would pass to the insurance carrier, and if I determined that the loan was a mere subterfuge and constituted an outright payment, in fact, as Defendant argues, then I am faced with the fact that Plaintiff here has sued the third party allegedly liable for the loss in an amount in excess of the insurance with the result that to the extent of every dollar recovered in excess of $765, the amount of the insurance, she is an interested party. Where the amount of insurance coverage only partially pays a loss occasioned by a third party's negligence many cases hold that the insured is the only real party in interest in a suit to recover damages for the loss. See note 96 A.L.R. 881, et seq. I do not have to decide the correctness of these decisions for it is enough that, here, Plaintiff, if not the only party in interest, is at least a real party in interest to the extent of any recovery in excess of the insurance. The fact that she valued her coat at $765 when filing her proof of loss, while an admission against interest, does not preclude an action to recover a greater amount. Defendant's first ground of motion is dismissed.

This presents for consideration Defendant's alternative motion that Pacific National Insurance Co., the Insurer, be added as an additional party Plaintiff under Rule 21 of the Superior Court Rules which reads: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

■■ This motion is not so easily disposed of because, while not the only interested party in the proceeding, yet, the insurance

company having paid the loss, it has a monetary interest in the outcome to the extent of the amount paid the Insurer. However, this motion is addressed to my discretion and I have concluded that it should also be denied for this reason. The settled policy of our Courts is to exclude from the trial of a case any mention of the fact that a Defendant is insured. *Blatz v. Wilson,* 5 *W.W.Harr.* 546, 170 *A.* 808. The reason is too obvious to comment upon. Should the fact of insurance be revealed at a trial, at the very least it would call for an instruction to the jury to disregard absolutely all evidence concerning the existence of an Insurer and, in a proper case, the Court might well take such a serious view of the matter as to order a mis-trial. Why, then, should I exercise my discretion in such an inconsistent manner as to compel an insurance company openly to reveal itself as an interested party Plaintiff when the settled policy of our Courts is just to the contrary in a case where a Defendant is insured? I can see no good reason for so doing unless, as Defendant suggests, it would be thereby prejudiced, but the only reason advanced for this position is that should Plaintiff recover in the present action, then Defendant might be subjected to yet another suit by the Insurer involving the same subject matter. I am not impressed with this argument for this reason. A reading of the loan certificate under which Plaintiff was reimbursed for the loss of her coat reveals that the Insured, in consideration of being "loaned" the value of the article insured, agrees to sue the party liable for the loss in her (Insured's) own name, the suit to be directed, controlled and financed by the Insurer, and any recovery to the extent of the amount loaned to inure to the Insurer. In an action brought under such an agreement as this, the Plaintiff Insured would, for all practical purposes, be acting as an agent and any recovery up to $765 would be in trust for the benefit of the insurance carrier. It is difficult to conceive, therefore, that a suit by the Insurer, following upon the heels of a suit by the Insured concerning exactly the same subject matter, could stand the test of a plea of res adjudicata. See

discussion in *Coca Cola Co. v. Pepsi-Cola Co.*, 6 *W. W. Harr.* 124, 172 *A.* 260.

If this motion were made by the Insurer instead of the Defendant a different result would be indicated. But here, the Defendant has made the motion for the obvious purpose of gaining a strong tactical advantage at the expense of the Insurer, and since I see little likelihood of this Defendant being subjected to successive suits by the Insured and thereafter by the Insurer, I am of the opinion that the great psychological advantage which would inure to Defendant if the Insurer were added as a party Plaintiff should be foreclosed.

This leaves for disposition Defendant's motion to dismiss the complaint for failure to aver the specific acts of negligence upon which Plaintiff relied. Rule 9(b) of the Superior Court Rules provides: "In all averments of fraud, or negligence, the circumstances constituting fraud or negligence shall be stated with particularity."

The complaint here seems to be grounded upon the theory of res ipsa loquitur and it is immediately apparent that if Rule 9(b) is to be construed literally, the result would be to abolish all actions based upon this doctrine. It is reasonably certain that the framers of the Rules intended no such result. A complaint setting forth that the Plaintiff has been damaged by Defendants' negligence, but the Plaintiff is unable to aver the particular acts of negligence because the instrumentality causing the damage was under Defendant's sole control, states a valid cause of action and will not be dismissed because failing to aver the particular acts of negligence required by Rule 9(b).

Motion dismissed.