LEO J. CATALFANO, Appellant, v. WALTER J. HIGGINS and MATTHEW J. MURRAY, t/a Olympic Parking Service, Appellees.

(*December* 17, 1962.)

SOUTHERLAND, Chief Justice, and WOLCOTT and TERRY, J. J., sitting.

*Garry G. Greenstein* (of Wahl, Greenstein and Berkowitz) for appellant.

*John P. Brady* (of Metten, Healy and Collins) for appellees.

Supreme Court of the State of Delaware, No. 45, 1962.

SOUTHERLAND, C. J.:

On July 20, 1959, plaintiff Catalfano parked his automobile at the Valet Parking Lot at Delaware Park. He delivered the car to an attendant employed by the Olympic Parking Service. During the day the car was stolen. Plaintiff was insured against theft by Jersey Insurance Company of New York, and made claim for his loss. The insurer paid him $1940 and took an assignment of his claim against Olympic. This assignment provided for subrogation "to the extent of the amount" paid, and authorized suit in plaintiff's name to recover that amount. Plaintiff also assigned title to the car.

Thereafter plaintiff filed the present suit in his own name. At the trial there was testimony that the car had a value of $2000. At the conclusion of plaintiff's case defendant moved to dismiss the action on the ground that plaintiff was not the real party in interest within the meaning of Superior Court Civil Rule 17(a), *Del. C.* The trial court granted the motion and entered an order. Thereafter plaintiff moved for a new trial, urging that the court had erred in granting defendant's motion to dismiss because, among other reasons, plaintiff was the real party in interest within the meaning of the rule. The court denied the motion and plaintiff appeals.

Before reaching the merits we must deal with a motion to dismiss filed by defendant-appellee.

Plaintiff's appeal is from the order of the court denying his motion for a new trial. Defendant argues that the case is governed by *Trowell v. Diamond Supply Co.*, 8 Terry 422, 47 Del. 422, 91 A. 2d 797. We think not, for two reasons. First, plaintiff's reply brief clearly charges a legal abuse of discretion, and this is sufficient to save the appeal. *Pitts v. White,* 10 Terry 78, 49 Del. 78, 109 A. 2d 786, 798. Second, the important reason assigned in support of the motion for a new trial (the question whether plaintiff is the real party in interest) clearly attacks the validity of the judgment theretofore entered, and is sufficient upon which to found an appeal. *Bellanca Corporation v. Bellanca,* 3 Storey 56, 164 A. 2d 589.

The motion to dismiss is denied, and we turn to the merits.

Defendant contends, and the court below ruled, that plaintiff was not the "real party in interest" within the meaning of Rule 17(a), because (1) he had been fully compensated for his loss and (2) he had assigned both his claim and his title to the car to his insurer.

We are of a different opinion. It might be a sufficient reason for holding this particular suit maintainable to point out (1) that the insured had not been "fully compensated" by his insurer, because his claim as proved at the trial exceeded the amount paid him, and (2) because the assignment of the claim to the insurer was a limited one—to the extent of the amount paid. (The assignment of title to the car does not seem to us important.) It has been held in this State that an insured who has been only partly compensated by his insurer has an interest in the recovery and may sue on behalf of himself and the insurer. *Steenburg v. Harry Braunstein, Inc.,* 6 Terry 588, 45 Del. 588, 77 A. 2d 206.

This holding is supported by much authority. See the cases collected in the annotation in 96 A. L. R. 864, 879-881. It is a sufficient answer to defendant's contention.

■■ But we think a broader principle is involved. There can be no doubt that at common law an insurer's subrogation suit must be brought in the name of the insured. *Ierardi v. Farmers Trust Co. of Newark*, 4 W. W. Harr. 246, 34 Del. 246, 151 A. 822; *DeSeta v. Siple*, C. A. 903, 1960 (unreported). And see the annotation above cited. The theory of this procedure is that the real rights of the insured are litigated, even though "the whole, or a part of any judgment" may go to another. *Ierardi v. Farmers Trust Co., supra.*

Was this rule changed by the adoption of the Rules of Civil Procedure in 1948? Judge Christie in the *Siple* case, cited above, thought not, and we agree with him. We recognize that there is a considerable body of authority, especially in the federal courts, that hold that one who has been "fully compensated" for a loss by his insurer may not sue in his own name because he has no interest in the recovery, and is not the real party in interest. See for example, *American Fidelity & Casualty Co., v. All American Bus Lines*, 10 Cir., 179 F. 2d 7.

At first glance this rule seems logical. If the insured has been fully paid, what interest has he in the suit? But on reflection we think that the application of such a rule may well present difficulty in many insurance cases. How and when is it to be determined whether plaintiff has been "fully compensated"? Of course, if the complaint alleges full payment there would be no difficulty, *e.g., Ellis Canning Co. v. International Harvester Co.*, 174 Kan. 357, 255 P. 2d 658. But suppose that the complaint alleges an amount due in excess of the insurance paid the assured? Is this sufficient to distinguish the suit from one in which full payment is alleged? If so, there would be little purpose in insisting on the distinction, since the pleader could allege any amount he saw fit, as he

could have done under the former practice of the *ad damnum* clause.

If the claimed amount is not decisive, how is the fact of excess or non-excess to be determined? By the proof? Or by the jury's verdict?

We are not cited to any discussion of these questions. We do not attempt to answer them, because we see no good reason why Rule 17(a) should be held to modify the settled Delaware law respecting subrogation suits. The effect of so holding would be to divide such suits into two categories. What good purpose is served by so doing?

There is another reason, and a very substantial one, in favor of adhering to the common law rule. In the *Steenburg* case, above cited, Judge Layton, in denying a motion to add the insurer as party plaintiff, said:

"The settled policy of our Courts is to exclude from the trial of a case any mention of the fact that a Defendant is insured. *Blatz v. Wilson*, 5 W. W. Harr. (35 Del). 546, 170 A. 808. The reason is too obvious to comment upon. Should the fact of insurance be revealed at a trial, at the very least it would call for an instruction to the jury to disregard absolutely all evidence concerning the existence of an Insurer and, in a proper case, the Court might well take such a serious view of the matter as to order a mis-trial. Why, then, should I exercise my discretion in such an inconsistent manner as to compel an insurance company openly to reveal itself as an interested party Plaintiff when the settled policy of our Courts is just to the contrary in a case where a Defendant is insured?

If, in a case in which insured has been fully paid, the logical plaintiff is the insurer, why is it not logical to say that if both the insured and insurer are interested in the recovery, both must sue? And this seems to be proper in some jurisdictions. See the annotation in 96 *A. L. R.* above cited.

But we think this result is both unnecessary and also undesirable, for the reasons stated in the *Steenburg* case, with which we agree.

We are accordingly of opinion that the court below erred in dismissing plaintiff's suit.

The judgment below is vacated, and the cause is remanded for a new trial.