Joseph V. HUGHEY, Plaintiff,

v.

**AETNA CASUALTY & SURETY COM-
PANY, Defendant.**

Civ. A. No. 2380.

United States District Court
D. Delaware.

March 5, 1963.

W. T. Lynam, III, Ernest S. Wilson, Jr., Wilmington, Del., for plaintiff.

E. N. Carpenter, II, William E. Wiggin, Richards, Layton & Finger, Wilmington, Del., for defendant.

LEAHY, Senior District Judge.

Plaintiff alleges he is covered by an automobile liability policy issued by defendant insurance company. Defendant's motion for summary judgment was denied.[1] Defendant now moves for dismissal, pursuant to F.R.Civ.P. 17(a) claiming plaintiff is not the "real party in interest" in the case or, in the alternative, for relief under F.R.C.P. 19 and 21, joining the Phoenix Assurance Company of New York (henceforth "Phoenix") as a party plaintiff. Plaintiff was involved in an automobile accident; his losses have been fully repaid by his personal insurer, Phoenix. He now sues defendant Aetna, claiming it is liable to recompense him for the loss, as the car he was driving at the time of the accident was insured by Aetna.

The specific question is this: in whose name must this insurer's subrogation suit be brought? The legal question which must first be answered is this: does Federal law or Delaware law determine who the "real party in interest" is in this diversity suit?

1. See, Hughey v. Aetna Casualty & Surety Co., D.C.Del., 30 F.R.D. 508.

F.R.C.P. 17(a) provides that "Every action shall be prosecuted in the name of the real party in interest." In United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, the Supreme Court discussed the application of F.R.C.P. 17(a) to a situation similar to the present one. "Of course," the Court stated, "an insurer-subrogee, who has substantive equitable rights, qualified as" the real party in interest. *"If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name."* 338 U.S. 366, 380, 381, 70 S.Ct. 207, 215. (Italics added).

Unless the Aetna case is distinguishable from the present one, there can be no doubt that in this case the only "real party in interest" is Phoenix—which is the only party still to have suffered out-of-pocket losses—and not the nominal plaintiff, Hughey. Plaintiff argues that Aetna is not controlling for the overriding reason that it concerned the application of the Federal Anti-Assignment and Tort Claims Acts and was not a diversity case. Diversity cases, plaintiff argues, are governed by the tirelessly applied rules set out in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 and subsequently interpreted in cases such as Guaranty Trust Company of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, as holding that Federal diversity courts must follow State law on all matters of "substance"—e. g., matters that "significantly affect" the result of litigation.[2] Here, plaintiff claims, Delaware law alone determines whether this cause of action should be brought in the name of Hughey or of Phoenix, or in both names.

I disagree. Consideration of this problem begins with the caveat expressed by Professor Moore, as follows:

"In the interest of uniform procedure and in preventing a wasting away of that uniformity, he who would challenge the validity of a particular provision in the federal rules should bear the burden of clearly showing that its application would prevent him from obtaining the same substantial treatment that he would obtain in the state court." [3]

So viewed, the matter of in whose name a suit must be brought can only be considered procedural. Plaintiff cites neither case nor presumption indicating it would be prejudiced if the "Federal" rule were followed here and the suit brought in Phoenix's name. Delaware cases are cited indicating that the policy of State courts is to keep from the jury knowledge that the defendant is insured.[4] This is, too, the policy of the Federal courts. But the danger here is not the possibility of anti-insurance company prejudice creeping into the jury's consideration if Phoenix and not Hughey is labelled as plaintiff; it is the possibility of such prejudice striding in if the jury considers this case one of an individual plaintiff versus an insurance company— and not of two insurance companies in battle against each other. On grounds of equity alone, this jury would be more and not less likely to reach a fair verdict if it is informed of the true status of the parties.

2. It is true that Delaware law is relevant in determining the issues here posed. A party cannot be "the real party in interest" in a diversity case if it has no substantive cause of action under applicable State law. Phoenix must thus have a cause of action against Aetna under Delaware substantive law

---

2. But see, 2 Harper & James, Torts, pp. 1710–1712.

3. 1A Moore's Federal Practice, p. 3541.

4. See, Steenburg v. Harry Braunstein, Inc., 6 Terry 588, 45 Del. 588, 77 A.2d 206.

for it to have a cause of action here.[5] But Phoenix has a cause of action against Aetna under Delaware law [6]—although in Delaware courts it must be prosecuted in Hughey's name.[7] The recent Delaware Supreme Court decision in Catalfano v. Higgins, Del., 188 A.2d 357, holds nothing contrary to this, but merely determines that in Delaware State courts, as in the Delaware court's view of the common law, "an insurer's subrogation suit must be brought in the name of the insured." [8] Indeed, within the text of Catalfano itself, the Delaware Supreme Court recognized the differing prevailing practice in the Federal courts.[9]

3. In short, I adopt the analysis of the 10th Circuit, the only appellate court to consider this problem, in Gas Service Co. v. Hunt, 10 Cir., 183 F.2d 417.[10] The court was faced with a closely analogous situation to the present one dealing with relationship of Kansas and Federal law. Kansas law dictates that where fire loss to insured property exceeds the amount paid the insured under the policy, the owner may maintain in his own name the action against the wrongdoer for the full amount of the loss. In the face of this Kansas procedure, the 10th Circuit held:

> "It is the rule in the United States courts that where an insurer pays the insured in full for a loss and becomes subrogated to all of the rights of the insured against the wrongdoer, the action against the wrongdoer * * * must be maintained in the name of the insurer."

And that—

> "The right of action against the wrongdoer is substantive * * *. And * * * the same in the United States courts and the courts of Kansas. There is no conflict between the two jurisdictions. But the person in whose name the action may be prosecuted for the enforcement of the substantive right is procedural, not substantive." 183 F.2d 419.

For these reasons, defendant's argument that Hughey is not the real party in interest and that Phoenix, if anyone, is the real party in interest must be accepted.

Appropriate orders may be submitted.

---

5. See Judge Rodney's analysis in State of Maryland to Use of Carson v. Acme Poultry Corp., D.C.Del., 1949, 9 F.R.D. 687.

6. See, Frank C. Sparks Co. v. Huber Baking Co., 9 Terry 9, 48 Del. 9, 96 A.2d 456.

7. See, Catalfano v. Higgins, Del., 188 A.2d 357.

8. Del., 188 A.2d 357.

9. "We recognize that there is a considerable body of authority, especially in the federal courts, that hold that one who has been 'fully compensated' for a loss by his insurer may not sue in his own name because he has no interest in the recovery, and is not the real party in interest." Catalfano v. Higgins, Del., 188 A.2d 357.

10. See District Court opinions in DuVaul v. Miller, D.C.W.D.Mo., 13 F.R.D. 197; Carlson v. Consumers Power Co., W.D. Mich., 164 F.Supp. 692; Smallwood v. Days Transfer, Inc., W.D.Mich., 165 F. Supp. 929.