Joseph V. **HUGHEY**, Plaintiff,

v.

**AETNA CASUALTY & SURETY COMPANY**, Defendant.

Civ. A. No. 2673.

United States District Court
D. Delaware,
Wilmington.

July 25, 1963.

1. D.C.Del., 30 F.R.D. 508.
2. D.C.Del., 32 F.R.D. 340, 342.

Ernest S. Wilson, Jr., and William T. Lynam, III, Wilmington, Del., for plaintiff.

William E. Wiggin (Richards, Layton & Finger), Wilmington, Del., for defendant.

LEAHY, Senior District Judge.

Plaintiff was involved in an automobile accident. He was sued and paid damages. His losses were repaid to him by the Phoenix Assurance Company of New York. Then, he brought suit against Aetna Casualty and Surety Company, alleging the car he was driving at the time of the accident was covered by Aetna. Aetna sought summary judgment, but lost.[1] Aetna's subsequent motion for dismissal was granted because plaintiff-Hughey, having been compensated for his losses, was "not the real party in interest and that Phoenix, if anyone [was] the real party in interest."[2] In granting Aetna's motion for dismissal, the Court held that, while the Delaware state courts had adopted the rule (in cases involving full compensation paid to insured parties) that "an insurer's subrogation suit must be brought in the name of the insured,"[3] the Federal rule, as established in United States v. Aetna Cas. & Sur. Co., 338 U.S. 336, 70 S.Ct. 207, 94 L.Ed. 171, differed—and was applicable. The Supreme Court had there held, "If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name."[4] On this basis, Hughey's suit here was dismissed.

Next, suits were filed against Aetna in the Superior Court of Delaware both

3. The Delaware Supreme Court had recently so ruled in Catalfano v. Higgins, Del., 188 A.2d 357.

4. 338 U.S. 336, 380, 381, 70 S.Ct. 207, 215.

by Hughey and Phoenix. On Aetna's motion, both were removed to this Court. Plaintiff Hughey now moves his case be remanded to the Superior Court of Delaware.

1. The only substantive rights, if any, in this action are those Phoenix may have against Aetna. Whatever rights "Hughey" may still have are those Phoenix may be permitted to assert under the mask of Hughey's name. The sole issue, here, then, as when this Court previously dismissed the action brought in Hughey's name, is under whose *name* this subrogation suit may be brought.

2. The parties suggest three courses of action. Plaintiff argues the case should be remanded to the State court to permit it to take advantage of the "right" given to it, by Delaware law, to go before a jury under Hughey's name. The gravamen of plaintiff's argument is that this Court's decision dismissing Hughey's former complaint in this matter was tantamount to a holding that jurisdiction did not lie here in a suit between Hughey and Aetna, that removal is improvident where jurisdiction does not lie in the Federal Court,[5] and that remand should therefore be ordered.

3. Aetna argues Phoenix should be added in this action as a party plaintiff[6] or that the suit brought in Hughey's name should once again be dismissed.

All three proposals, suggested by the litigants, contain elements of legal plausibility; but all are unacceptable. For this Court to remand this action to the State court would leave pending, here, Phoenix's action against Aetna, and throw back upon the State courts, Hughey's action against Aetna—when Hughey's is merely the camouflage name, under which Phoenix may sue in the State court. Such a result is not inconceivable,[7] and it may, also, be that judicial consideration of legal issues on occasion does lead to more confused results. But this is hardly an argument for fomenting more such confusion, if it is avoidable.

Too, it may be within this Court's power to add Phoenix as a party plaintiff. But to do so runs squarely counter to the Supreme Court's admonition in United States v. Aetna Cas. & Sur. Co., supra, that "the subrogee * * * is the *only* real party in interest * * *"[8] (italics added). Indeed, in its previous decision in this very matter, this Court expounded upon why Hughey's name should *not* go to a jury in a case which solely involves two insurance companies.[9]

4. As for defendant's alternative suggestion of dismissal, this is within this Court's power. The suit may be dismissed; it may once again be brought in the State court; it may once again be removed; it may once again be dismissed; *ad infinitum*. Little need be said about the exhaustive futility of such action.

In short, the ping-pong game of litigants bouncing back and forth across the street, between state and federal courts, in two law suits involving but one issue, must cease sometime and somewhere. The plainest way to halt two games from progressing simultaneously is to forbid one to continue.

---

5. See, 28 U.S.C. § 1447(c).

6. Aetna has pending in this Court a separate motion to this effect.

7. It is, however, legally dubious—though unclear—whether this Court's determination that Phoenix might not sue here in Hughey's name was a "jurisdictional" decision. See the partially analogous situation in Prack v. Weissinger, 276 F.2d 446 (4th Cir. 1960) and Professor Moore's comments thereon at 1A MOORE'S FEDERAL PRACTICE, § 0.169 [1], p. 1436, n. 34.

8. 338 U.S. 336, 380, 381, 70 S.Ct. 207, 215.

9. "[T]he danger here is not the possibility of anti-insurance company prejudice creeping into the jury's consideration if Phoenix and not Hughey is labelled as plaintiff; it is the possibility of such prejudice striding in if the jury considers this case one of an individual plaintiff versus an insurance company—and not of two insurance companies in battle against each other." 32 F.R.D. 341.

**5.** Proceedings in CA 2673, Hughey v. Aetna, shall herewith be stayed pending this Court's determination of all issues in CA 2674, Phoenix v. Aetna. If any issues unique to Hughey v. Aetna, supra, remain, a full dress trial may be had to resolve them; if no issues remain, and every issue between the parties here are resolved, a motion to dismiss would be ripe.[10] The time is here to get on with the trial of this case.

Plaintiff's motion to remand these proceedings to the Superior Court of Delaware is denied; defendant's motion to join Phoenix as party plaintiff in this action is denied; all proceedings in this case shall be stayed pending determination of CA 2674.

An order may be submitted.

10. See this Court's similar analysis in Stern & Co. v. State Loan & Finance Corp., D.C.Del., 205 F.Supp. 702, 707.