PER CURIAM.
Defendant-debtor, Michael Weisser, appeals a final judgment for $42,875.83 entered in favor of the Federal Deposit Insurance Corporation as liquidator of the Franklin National Bank in an action to collect the balance due on a promissory note and guarantee agreement.
In 1969 Michael Weisser executed a promissory note in the amount of $60,000 in favor of Franklin National Bank. Subsequently, he executed a guarantee of a $20,-000 note of M.H.W., Ltd., and on May 11, 1970 further executed an agreement reflecting that there was due and owing Franklin National Bank $52,000 under the promissory note and guarantee. The agreement provided for a schedule of payments to satisfy this indebtedness. Sometime in 1973 Weisser defaulted on these payments. In 1975 Franklin National Bank went into *1035 liquidation and was taken over by the plaintiff-appellee, Federal Deposit Insurance Corporation (F.D.I.C.) as liquidator. Thereafter, the F.D.I.C. filed the instant suit to collect the outstanding principal balance due under the note and guarantee plus interest, late charges, and attorney’s fees as provided by these instruments. The cause proceeded to a non-jury trial and Weisser primarily defended on the grounds that the F.D.I.C. lacked standing to sue and there was a novation between the parties. The trial court entered judgment in favor of the F.D.I.C. for $42,875. Weisser appeals.
For his first point on appeal Weisser contends that the F.D.I.C. did not have standing to sue him where the record was devoid of any evidence showing that the F.D.I.C. was a party to or in privy with any of the subject instruments and where the F.D.I.C. failed to meet its burden of proof under Section 92.10, Florida Statutes (1975). We find this point well taken.
At the trial the F.D.I.C. attempted to introduce into evidence a copy of the order of the U.S. District Court for the Eastern District of New York purporting to show that it was appointed as liquidator of the assets of Franklin National Bank. Weisser objected on the ground that the order did not comply with Section 92.10, Florida Statutes (1975). The trial court sustained the objection and the order was not admitted. The court, therefore, could not consider this order. See Bosem v. A.R.A. Corp., 350 So.2d 526 (Fla.3d DCA 1977).
With respect to the issue of standing, all that is contained in the record is the bare, unsupported allegation in the complaint that “Franklin National Bank went into liquidation and was taken over by Federal Deposit Insurance Corporation for the purpose of liquidation and is now being liquidated”. We find this allegation to be insufficient to give the F.D.I.C. standing. Accordingly, the final judgment is reversed and the cause remanded to the trial court with directions to dismiss the complaint with leave to amend so that the F.D.I.C. may have the opportunity to sufficiently allege its standing to sue Weisser.
Reversed and remanded with directions.