392 So.2d 306 (1980)
WALTER E. HELLER & COMPANY, SOUTHEAST, a Florida Corporation, Appellant,
v.
POINTE SANIBEL DEVELOPMENT CORPORATION, Appellee.
Nos. 80-368, 80-780.
District Court of Appeal of Florida, Third District.
December 23, 1980.
Rehearing Denied January 26, 1981.
*307 Litman, Muchnick & Wasserman and Steven R. Rosenthal, Hollywood, for appellant.
Pavese, Shields, Garner, Haverfield, Kluttz & Cottrell and Robert L. Donald, Cape Coral, for appellee.
Before SCHWARTZ, NESBITT and DANIEL S. PEARSON, JJ.
SCHWARTZ, Judge.
Quality Wood Products assigned a claim against Pointe Sanibel Development Corp. to an entity designated as "Walter E. Heller & Company of Florida." Subsequently, a party-plaintiff which described itself as "Walter E. Heller & Company Southeast" brought an action on the claim against Pointe Sanibel. After the granting of a motion to dismiss, an amended complaint was filed which specifically alleged that "Heller of Florida" had merely changed its corporate name to "Heller Southeast" and that the present plaintiff therefore had the right to maintain the action. Pointe Sanibel denied this allegation in its answer.[1] At the conclusion of a non-jury trial which exclusively concerned the merits of the underlying claim, the defendant moved for dismissal on the ground that there had been no evidence that the plaintiff was the same entity as the assignee. The trial judge agreed and specifically stated that, although "Heller of Florida" was entitled to receive $4,000.83,[2] it was not shown to have been the plaintiff in the case. On the sole ground that "this record does not reflect that [Heller Southeast] is the same as the assignee," judgment was entered against the named plaintiff and in favor of the *308 defendant. Southeast appeals. We are compelled to affirm.
Because, without such a showing, there would be no basis for concluding that, notwithstanding the similarity in names, "Heller Southeast" is anything but a separate interloper to the transaction with no right to recover, the appellant does not, and could not, dispute the indispensability of establishing that it actually was the entity to which the cause of action in question had been assigned. Weisser v. Federal Deposit Ins. Corp., 365 So.2d 1034 (Fla. 3d DCA 1978); Mansell v. Foss, 343 So.2d 910 (Fla. 3d DCA 1977); Hertz International, Ltd. v. Richardson, 317 So.2d 824 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 18 (Fla. 1976); see, Grandin Industries, Inc. v. Florida Nat. Bank at Orlando, 267 So.2d 26 (Fla. 4th DCA 1972); American Ladder & Scaffold Co. v. Miami Ventilated Awning Co., 150 So.2d 268 (Fla. 3d DCA 1963). Southeast argues, however, (a) that there was adequate proof to this effect at the trial and (b) that the defendant may not now claim otherwise. The record supports neither position.
As the appellant conceded at the oral argument, there was no direct and straightforward evidence in any form[3] that Southeast and Florida were identical. Moreover, particularly in the light of the specific framing of the issue in the pleadings,[4] the mere fact that the witnesses and counsel referred to "Heller of Florida" and "Heller Southeast" interchangeably cannot be deemed to have established the plaintiff's allegation by implication. Cf., Dysart v. Hunt, 383 So.2d 259 (Fla. 3d DCA 1980).
Nor did the defendant somehow become estopped to assert the lack of evidence on this issue. Pointe Sanibel did not explicitly withdraw its denial or admit the truth of the plaintiff's averment either orally or in writing at any stage of the proceedings below. At the most, its counsel did not affirmatively dispute statements at the beginning of the trial by Heller's lawyer and the court outlining the issues in dispute, which did not include this one. A stipulation or agreement cannot, however, be effected by such silence or acquiescence. Miami Herald Publishing Co. v. Payne, 358 So.2d 541 (Fla. 1978); see, Fla.R.Jud.Admin. 2.060(g), incorporating former Fla.R.Civ.P. 1.030(d). While it is now also claimed that Southeast was "lulled" into its failure to present testimony on the point during the trial and was "surprised" by the defendant's motion after all the evidence had been received, it is noteworthy that its counsel never sought leave to reopen its case so as to cure the omission. Because the defect was supposedly such an inadvertent one and could have been remedied so easily,[5] the denial of leave to do so, even if requested after the parties had rested or the court had ruled, would probably have constituted an abuse of discretion. 32 Fla.Jur. Trial § 46, nn. 8-9, § 47, nn. 4-5 (1960). But the trial judge was not called upon to rule on such a motion.[6]
There is thus no way under the law to do other than affirm this judgment. The appellant's brief plaintively suggests that "[t]he principles of equity, justice and fair *309 play `cry out'" for reversal. And it may be indeed the case that "Heller Southeast" is in fact "Heller of Florida" and should have prevailed. No more than any other court, however, we may not base our decisions on what we suspect or speculate is true but only upon what is shown in the record. The rule that a party must prove its case is not a technicality-it is the substantive foundation of our system. The plaintiff failed to present any competent evidence to establish that it was entitled to win, and therefore rightfully lost.
Affirmed.[7]
NOTES
[1] The defendant based its denial and demand "for strict proof" of this allegation upon an avowed lack of knowledge as to its truth. The ability to recover on the asserted claim concerns the question of whether the plaintiff is the real party in interest under Fla.R.Civ.P. 1.210(a), rather than its "capacity ... to sue" under Fla.R.Civ.P. 1.120(a). See, Catalfano v. Higgins, 4 Storey 548, 54 Del.Super. 548, 182 A.2d 637 (1962), rev'd on other grounds, 5 Storey 548, 55 Del. 470, 188 A.2d 357 (1962). We therefore need not decide whether Pointe Sanibel's answer constituted the "specific negative averment" required by the latter rule. See generally, 5 Wright and Miller, Federal Practice and Procedure § 1294 (1969).
[2] We commend and recommend for future cases the trial court's entry of alternative findings, which would have permitted a termination of the litigation on this appeal even if we disagreed with the court's ultimate judgment. See, Dysart v. Hunt, 383 So.2d 259 (Fla. 3d DCA 1980).
[3] If "Heller Southeast" were merely a change of name from "Heller of Florida," the fact could have been established by any number of means, including propounding a request for admission of that fact, Fla.R.Civ.P. 1.370; the admission of a certificate of the secretary of state or an amendment to the articles of incorporation, Sec. 607.177(2)(a), Fla. Stat. (1979), or even perhaps by simply posing the direct question to Heller's corporate representative at the trial. None of this was ever done.
[4] Since this was true, Fla.R.Civ.P. 1.190(b), which deals with trial by consent of issues not raised by the pleadings, has no application. The sole question is whether the plaintiff presented any proof of its disputed allegation concerning its right to sue or was relieved of the obligation to do so.
[5] See note 3, supra.
[6] After the trial judge announced his decision, counsel did move to amend the complaint so as to reflect that the plaintiff was Heller of Florida, "now known as" Heller Southeast. We do not address the propriety of the denial of that motion, but see Stewart v. Preston, 80 Fla. 473, 479, 86 So. 348 (1920), because the issue has not been presented on this appeal, which is prosecuted only by "Southeast."
[7] We express no opinion as to the viability of any future action brought by a differently named plaintiff.