BASKIN, Judge.
We are asked to review the trial court’s order dismissing with prejudice the second amended complaint filed by Federal Deposit Insurance Corporation. The trial court found that FDIC, as liquidator, lacked standing to file an action against appellee for the non-payment of notes and guarantees he executed in favor of Franklin National Bank. We reverse.
When Franklin National Bank failed, FDIC was named receiver and liquidator. FDIC then sued to recover amounts owed to the bank by appellee. Final judgment entered in favor of FDIC was reversed by this court[1] because the record lacked documentation establishing FDIC’s capacity to act in Franklin’s stead. Upon remand, FDIC filed successive amended complaints with attachments reflecting that Franklin had been certified insolvent and that FDIC had been appointed receiver. The attached documents also disclosed that FDIC, as receiver, sold Franklin’s assets to FDIC in its corporate capacity.
Appellee contends that although FDIC filed its action in its capacity as receiver, it was permitted to sue only in its corporate capacity. The trial court agreed that FDIC, as liquidator, lacked standing and dismissed the cause. We disagree and reverse.
FDIC, in its corporate capacity, purchased Franklin’s assets from itself as receiver. In its corporate capacity, FDIC commonly serves as liquidator. 12 U.S.C. 1823(d) (1976); Federal Deposit Insurance Corp. v. Smith, 466 F.Supp. 843 (N.D.Ga. 1979); Federal Deposit Insurance Corp. v. Webb, 464 F.Supp. 520 (E.D.Tenn.1978); In re Franklin National Bank, 381 F.Supp. 1390 (E.D.N.Y.1974). Although a receiver may also liquidate assets, FDIC clearly acted in its corporate capacity as indicated by the documents attached to the complaint. FDIC alleged it was “owner and holder of all rights” of Franklin National Bank and established its standing to sue by the supporting documents appended to its second amended complaint.
For these reasons, we reverse the decision of the trial court and remand for further proceedings.

. Weisser v. Federal Deposit Insurance Corp., 365 So.2d 1034 (Fla.3d DCA 1978).