STONE, Judge.
Chevy Chase, the plaintiff in a mortgage foreclosure action, sought a deficiency judgment against the defendant, Berkow-itz. The trial court entered a summary final judgment of foreclosure which established, without dispute, that the plaintiff owned the notes and mortgages at issue. The summary judgment also provided that a judgment was not entered against Ber-kowitz due to the issues raised by his defenses.
After the summary judgment was entered, two remaining issues were tried before a jury. Those issues involved the value of the property and the defendant’s affirmative defense that he was personally released from liability as the maker of the note since he was released from any obligation in an earlier transaction. The original notes and mortgages were in evidence. Significantly, no issue as to the plaintiff’s identity was raised in the pleadings, the pretrial proceedings, or the trial proceedings prior to the plaintiff’s resting. The jury entered a verdict for the plaintiff.
The trial court entered a directed verdict for the defendants solely because it appeared that the plaintiff was now called Chevy Chase Savings Bank rather than Chevy Chase Savings and Loan, Inc. The plaintiff appeals the trial court’s directed verdict. We reverse.
The discrepancy concerning the plaintiff’s name became apparent initially in an affidavit in support of the summary judgment motion which provided that it was executed by a vice president of “Chevy Chase Savings Bank, formerly known as Chevy Chase Savings and Loan Inc., a Maryland corporation, the plaintiff herein.” The summary judgment subsequently entered in favor of the plaintiff provided that the sums were due to the “Plaintiff Chevy Chase Savings Bank, F.S.B., f/k/a Chevy Chase Savings and Loan, Inc.” Further, at trial the plaintiff’s witness, testifying only as to the amounts due, stated on cross examination that the bank was his employer and that its name was no longer Chevy Chase Savings and Loan. Although the plaintiff’s objection to this line of questioning as being outside the scope of the case was sustained, the same witness, on redirect, indicated that at some point the plaintiff institution had gone from a state charter to a federal charter. However, there was no evidence that the named plaintiff no longer existed or that it was no longer entitled to recover.
Any determination that the plaintiff is not entitled to recover is speculative. The name of the plaintiff in the pleadings has never changed. The identity issue was never raised prior to the plaintiff’s resting. The plaintiff was entitled to rely on the summary judgment, the pretrial proceedings, and the stipulation addressing only the affirmative defenses, the pleadings, and the conduct of the trial. The plaintiff had no reason to anticipate an obligation to introduce additional proof at trial concerning identity.
Any concern as to the plaintiff’s name should have been addressed by methods other than a directed verdict, particularly *291 as Florida Rule of Civil Procedure 1.510(d) provides that uncontroverted facts specified in a summary judgment will be deemed established for the balance of the case. The trial court relied on Walter E. Heller & Co., Southeast v. Pointe Sanibel Dev. Corp., 392 So.2d 306 (Fla. 3d DCA 1980) in entering its directed verdict. That case is inapposite, as here there is no evidence that the plaintiff did not hold the essential documents at all material times.
Therefore, the judgment is reversed and remanded for further proceedings.
LETTS, J., concurs.
GUNTHER, J., dissents without opinion.