# Third District Court of Appeal

## State of Florida

Opinion filed November 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0056
Lower Tribunal No. 18-596-CA-01
_____


**Sharon Dresser,**
Appellant,

vs.

**Hal J. Webb, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Kula & Associates, P.A., Elliot B. Kula, W. Aaron Daniel, and Elaine D. Walter, for appellant.

Richard and Richard, P.A., and Dennis A. Richard, Robert J. Alwine and Kevin Shohat, for appellees Hal J. Webb and Hal J. Webb, P.A.


Before EMAS, MILLER, and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Nagymihaly v. Zipes, 353 So. 2d 943, 944 (Fla. 3d DCA 1978) ("The court may find as a matter of law that where a party accepts the benefits of a settlement or compromise of his case and he knows or in the exercise of due diligence should have known all the facts concerning that settlement (as in the case at bar), he ratifies that settlement by the acceptance of those benefits whether the settlement in the first instance was unauthorized by him or not and he is thereafter estopped to attack the settlement and the judgment entered thereon."); Moriber v. Dreiling, 194 So. 3d 369, 373 (Fla. 3d DCA 2016) ("[A]s a matter of law, a plaintiff may not rely on statements made by litigation adversaries to establish fraud claims."); Chevy Chase Sav. and Loan Inc. v. Berkowitz, 601 So. 2d 289, 291 (Fla. 4th DCA 1992) ("Florida Rule of Civil Procedure 1.510(d) provides that uncontroverted facts specified in a summary judgment will be deemed established for the balance of the case."); Rigmaiden v. NBCUniversal Media, LLC, 307 So. 3d 918, 918 (Fla. 3d DCA 2020) ("*The news media* has been given a qualified privilege to accurately report on the information they receive from government officials.  This privilege includes the broadcast 'of the contents of an official document, so long as their account is reasonably accurate and fair', even if the official documents contain erroneous information." (emphasis added)) (quoting Woodard v. Sunbeam Television

2

Corp., 616 So. 2d 501, 502 (Fla. 3d DCA 1993)); Ortega Trujillo v. Banco Cent. Del Ecuador, 17 F. Supp. 2d 1334, 1338 (S.D. Fla. 1998) ("Florida courts have refused to define parties making defamatory statements later reported by news outlets as media in and of themselves."); Vachet v. Cent. Newspapers, Inc., 816 F.2d 313, 316 (7th Cir. 1987) ("The 'gist' or 'sting' of the alleged defamation means the heart of the matter in question—the hurtfulness of the utterance."); Smith v. Taylor County Publ'g Co., Inc., 443 So. 2d 1042, 1044–45 (Fla. 1st DCA 1983) ("Whether alleged libelous statements are pure expressions of opinion or not is for the court to decide as a matter of law."); Lipsig v. Ramlawi, 760 So. 2d 170, 184 (Fla. 3d DCA 2000) ("[A] speaker cannot invoke a 'pure opinion' defense, if the facts underlying the opinion are false or inaccurately presented."); § 90.403, Fla. Stat. (2020) ("[E]vidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury . . . ."); Reid v. Est. of Sonder, 63 So. 3d 7, 10 (Fla. 3d DCA 2011) ("In civil cases prosecuted under [the clear and convincing evidence] standard, 'an appellate court may not overturn a trial court's finding regarding the sufficiency of the evidence unless the finding is unsupported by record evidence, or as a matter of law, no one could reasonably find such evidence to be clear and convincing.'" (citation omitted)); Wolfson v. Kirk,

3

273 So. 2d 774, 776 (Fla. 4th DCA 1973) ("[S]ome statements are so obviously defamatory, that is damaging to reputation, that the mere publication of them gives rise to an absolute presumption both of malice and damage."); § 768.73(1)(c), Fla. Stat. ("Where the fact finder determines that at the time of injury the defendant had a specific intent to harm the claimant and determines that the defendant's conduct did in fact harm the claimant, there shall be no cap on punitive damages.").