BELLANCA CORPORATION, a Delaware corporation, Defendant Below, Appellant, v. JOHN G. BELLANCA, Plaintiff Below, Appellee.

(*October* 14, 1960.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*William E. Taylor, Jr.,* for plaintiff below, appellee.

*Edmund D. Lyons* (of Morris, James, Hitchens and Williams) for defendant below, appellant.

Supreme Court of the State of Delaware, No. 10, 1960.

WOLCOTT, J.:

Appellee has moved to dismiss this appeal on the authority of *Trowell v. Diamond Supply Co.*, 8 *Terry* 422, 91 *A.* 2d 797.

The action below was for compensation of the appellee for his services in procuring a buyer for certain real property of the appellant. Trial was had May 13, 14 and 18, 1959, and the jury returned a verdict in favor of the appellee in the amount of $51,717.40.

During the trial, at the close of appellee's case, the appellant moved for a directed verdict, and renewed that motion at the close of its own case. Both motions for directed verdict were denied. After the jury's verdict, the appellant moved, on May 28, 1959, to set aside the verdict and to enter judgment for the appellant in accordance with its motions for a directed verdict or, in the alternative, to set aside the verdict and grant a new trial.

On March 11, 1960, the appellant's motion was argued before the Superior Court. On March 16, 1960, an order was entered denying appellant's motion. On March 18, 1960, appellant, by serving and filing a notice of appeal pursuant to Rule 5, *Del. C. Ann.*, appealed to this Court from the order of March 16, 1960.

Appellee's motion to dismiss is based upon our ruling in the *Trowell* case that an appeal from an order denying a new trial is reviewable only for an abuse of discretion by the trial judge. Appellee argues that on the face of the notice of appeal it is apparent that the appeal is taken from the denial of a new trial and, since no abuse of discretion is charged in appellant's main brief, the appeal should be dismissed.

We do not think the *Trowell* case is controlling. In it the appeal was unambiguously noticed from an order denying a motion for a new trial. Since review of such orders is confined to the question of abuse of discretion, and since none was charged, we dismissed the appeal.

In the instant case, however, the appeal is noticed as from the order of March 16, 1960. This order was in the alternative. We take it, since no abuse of discretion in denying a new trial is charged in appellant's main brief, that review of the denial of that alternative is not sought. It follows, therefore, that the portion of the order appealed from is that denying appellant's motion to set aside the verdict and judgment and to enter judgment in its favor.

The reasons assigned in this portion of the motion attack the validity of the judgment as a matter of law. Under the circumstances, we think the assigned reasons evidence a clear attack on the validity of the final judgment. In view of this, we think, the appellee has been put upon adequate notice of the nature of the review sought. In this respect, this appeal differs from the *Trowell* case in which the only possible meaning of the notice of appeal was review of the denial of a new trial as an abuse of discretion. We are of the opinion, however, that appellant is limited in its attack upon the validity of the judgment to the reasons assigned under the first alternative of its motion of May 28, 1959.

The motion to dismiss the appeal is denied.