ALEXANDER J. EPISCOPO, Plaintiff Below, Appellant, v. SUSAN S. MINCH and JOSLYN J. WILLIAMS, Defendants Below, Appellees.

(*July* 29, 1964.)

TERRY, C. J., and WOLCOTT and CAREY, J. J., sitting.

*David B. Coxe, Jr.,* and *Emmett J. Conte, Jr.,* for appellant.

*H. James Conaway, Jr.,* and *Bruce M. Stargatt,* of Morford, Young & Conaway, for appellees.

Supreme Court of the State of Delaware, No. 10, 1964.

WOLCOTT, Justice.

This is an appeal from an order of the Superior Court entering judgment for defendant notwithstanding a verdict for plaintiff in the amount of $20,000.00.

Initially, we dispose of defendant's motion to dismiss the appeal on the ground that the Notice of Appeal violates Rule 5(4) of this Court, *Del. C.*, requiring that a Notice of Appeal "shall designate the decree, judgment, or order, or part thereof, sought to be reviewed." The Notice of Appeal before us is as follows:

"Notice is given that the Plaintiff Below-Appellant, Alexander J. Episcopo, appeals from the order of the Superior Court of the State of Delaware in and for New Castle County, A.D. 1963, in Civil Action No. 1406, 1960."

Citing *Trowell v. Diamond Supply Co.,* 8 Terry 422, 91 A.2d 797, defendant argues the Notice of Appeal is de-

fective because it does not mention the date of the order appealed from, nor does it describe the order appealed from.

It appears to us, however, that to all practical purposes the plaintiff of necessity could appeal only from the final order of the Superior Court dated November 25, 1963 entering final judgment for defendant. Indeed, defendant admits that she so understood plaintiff's intention.

██ ██ We think that appeals as well as trials should, where possible and where the other side has not been prejudiced, be decided on the merits and not upon nice technicalities of practice. Since the defendant, in our opinion, has been put upon adequate notice of the nature of the appeal, and since as a practical matter the only appealable matter was the final judgment below, we deny the motion to dismiss. Cf. *Bellanca Corp. v. Bellanca*, 3 Storey 56, 164 A.2d 589, and *Maher v. Voss*, 9 Terry 45, 98 A.2d 499.

The action is one for personal injuries resulting from an accident occurring at the intersection of Scott and Fifth Streets in Wilmington. The questions presented by this appeal do not involve consideration by us of the circumstances leading up to the accident. It is obvious that by its verdict the jury resolved the issue of negligence in favor of the plaintiff.

The basic question before us is whether or not the court below was correct in granting judgment N. O. V. on the ground that plaintiff had failed by a preponderance of the evidence to prove that his injury was the proximate result of the defendant's negligence.

The facts concerning this are that the accident resulted in very slight damages to the vehicles involved and no apparent personal injury to either plaintiff or defend-

ant. Almost immediately after the accident, however, plaintiff collapsed and was taken to a hospital where he endured prolonged hospitalization and thereafter a longer period of treatment during which he was a semi-invalid.

The medical evidence offered by plaintiff was to the effect that at the time of the accident, and long prior thereto, he had an aneurysm of one of the blood vessels of his brain. This is a congenital weakness of the vessel which makes it prone to rupture at some time. This rupture may be caused by a rise in blood pressure. Based upon what he had been told, plaintiff's medical witness gave as his opinion that the anger of the plaintiff occurring immediately after the accident caused a rise in his blood pressure which, in turn, caused the rupture of his aneurysm.

On the subject of his anger, plaintiff testified, however, on cross-examination that he was neither disturbed nor angered by the fact that he had been in an accident. It was this testimony which led the trial judge to conclude that there was no evidence produced upon the direct cause of plaintiff's injury and led to the entry of judgment N. O. V.

It appears from the record, however, that the doctor testifying for the plaintiff stated that upon the basis of his examination of plaintiff and his talk with the police officers investigating the accident, he assumed that plaintiff was angry at the scene of the accident. It is of course obvious that this information came to the police officers through their investigation of the accident and was probably hearsay, since possibly plaintiff had collapsed prior to their arrival on the scene, but nevertheless it does give some basis for the opinion of the doctor.

Plaintiff argues that the entry of judgment N. O. V.

was error as a matter of law because the ground upon which judgment N. O. V. was granted had not first been suggested to the court by a motion for a directed verdict prior to submission of the case to the jury.

Procedure in the Superior Court as to motions for directed verdicts at the close of the evidence and as to motions for judgment notwithstanding a verdict, are governed by Rule 50 of the Superior Court, *Del. C.*, which is as follows:

"RULE 50. MOTION FOR A DIRECTED VERDICT

"(a) When Made: Effect. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor.

"(b) Reservation of Decision on Motion. Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new

trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial."

It is to be noted that Rule 50(a) requires that a motion for directed verdict at the close of the evidence shall state the specific grounds therefor, and if the motion for a directed verdict is denied, Rule 50(b) permits the renewal of that motion after trial in the guise of a motion for a new trial or for judgment notwithstanding the verdict. It is thus clear that a motion under Rule 50 (b) is dependent upon the making of a proper motion under Rule 50(a).

In 2B Barron and Holtzoff, Federal Practice and Procedure (Rev.Ed.) § 1073, it is stated that the effect of Rule 50 is to limit the reasons assigned in a motion for judgment notwithstanding a verdict to those reasons specifically assigned in the prior motion for a directed verdict before submission of the case to the jury. The reason given is that prior to submission of the case to the jury, the ground given for a directed verdict might have been met by proof. The ruling is in accord with the basic philosophy of the Superior Court Rules that causes be decided on their merits where possible. This construction of Rule 50 and the underlying reason for this has been approved and adopted by this Court in *Maher v. Voss*, supra.

The reason assigned by the trial court for the entry of judgment for defendant notwithstanding a verdict was that plaintiff had failed wholly to prove that he was angry following the accident. It is true that defend-

ant as one reason for a directed verdict argued that plaintiff had failed to prove any causal connection between the accident and his injury, but the assumption of plaintiff's anger was implicit in the motion. Irrespective, therefore, of whether or not the trial judge weighed the evidence with respect to the fact of plaintiff's anger, as he argues, the fact is that judgment was given on a motion under Rule 50(b) on a ground not specified in the prior motion under Rule 50(a) contrary to the settled rule. For that reason, therefore, the judgment for defendant must be reversed.

Defendant argues that we should affirm because plaintiff was guilty of contributory negligence as a matter of law. However, we have examined the portions of the record reproduced in the appendices of the parties and are of the opinion that a factual issue of due care on the part of the plaintiff was raised which of necessity had to be submitted to the jury.

One other point remains for our consideration since this cause must go back to the Superior Court for further proceedings. At the trial defendant offered in evidence the plaintiff's record of convictions for motor vehicle offenses. This offer was rejected by the trial judge on the ground that it was unduly prejudicial.

Among other things this record showed that plaintiff's license to drive at the time of the accident had been revoked and that he had been issued a restricted license permitting him to drive only to and from his work. The record is clear that at the time of the accident plaintiff was not driving to or from his work and was thus violating his restricted license. Defendant argues, with plausibility, that this fact might well have caused plaintiff's anger which could therefore not be charged directly to defendant's negligence, if any, but that it was in a sense a self-inflicted

wound.

We think any fact which would tend to establish the cause of plaintiff's anger is material and should be submitted to the jury for its consideration. Certainly, if plaintiff knew he was driving in violation of his restricted license that might well have caused his anger leading to the higher blood pressure which in turn caused the rupture of the aneurysm. The jury might conclude otherwise, but it should have been given the opportunity to consider it.

We are of the opinion, therefore, that the exclusion of evidence as to the nature of plaintiff's license to drive was error prejudicial to defendant and therefore requires the award of a new trial. However, evidence of the prior convictions of plaintiff of various motor vehicle law offenses at the trial to be had must be excluded from evidence.

For the foregoing reasons, the judgment for defendant notwithstanding the verdict is reversed and the cause remanded to the Superior Court with instructions to grant a new trial.