**WILLIAM H. PORTER, INC., a Delaware corporation, Defendant Below, Appellant,**

v.

**Richard A. EDWARDS, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Sept. 9, 1992.

Decided: Sept. 28, 1992.

Motion for Reargument: Oct. 14, 1992.

Opinion Issued: Nov. 6, 1992.[1]

Andrew G. Ahern III (argued), and Joseph Kulesza, Jr. of Joseph W. Benson, P.A., Wilmington, for appellant.

David S. Lank (argued), of Theisen, Lank, Mulford & Goldberg, P.A., Wilmington, for appellee.

Before HORSEY, MOORE and HOLLAND, JJ.

HORSEY, Justice:

Defendant appeals the Superior Court's denial of defendant's motion for a judgment notwithstanding the verdict, Super.Ct.Civ.R. 50(b), asserting two grounds for reversible error. First, defendant contends that Superior Court committed legal error in construing the Delaware Deceptive

---

**1.** With the issuance of this Opinion, the Order    dated September 28, 1992, is hereby withdrawn.

Trade Practices Act, 6 *Del.C.*, ch. 25 (hereafter "DTPA"), as conferring upon a consumer a private cause of action or standing to sue under the DTPA. Second, defendant contends that Superior Court erred as a matter of law in finding plaintiff's evidence to state a claim for relief under the Delaware Consumer Fraud Act, 6 *Del.C.*, ch. 25 (hereafter "DCFA"). For the reasons which follow, we find both of defendant's claims on appeal to be procedurally barred.

In July 1987, plaintiff-appellee Richard A. Edwards ("Edwards") entered into a non-maintenance lease agreement for a new motor vehicle with defendant-appellant William H. Porter, Inc. ("Porter"). Within two months, disputes arose between the parties over the operation, maintenance and servicing of the vehicle; and by December 1987, Edwards had stopped payment on the lease. In test-driving the vehicle before entering into the agreement, Edwards had noticed a slight thumping in the rear but was told that it would work itself out after the car had been driven awhile.

Edwards sued Porter in Superior Court, asserting multiple claims: breach of contract, common law fraud, deceptive trade practices and consumer fraud. Porter counterclaimed, charging Edwards with breach of contract.

At the close of Edwards' case, Porter moved for a directed verdict, contending that no claim for relief lay under either the DTPA or under the DCFA. Alternatively, Porter argued that if such claims did lie, plaintiff Edwards had failed to establish the *prima facie* elements of either claim. Superior Court denied Porter's motion in a bench ruling, finding Edwards to have stated statutory claims against Porter for both consumer fraud and deceptive trade practices and that plaintiff Edwards had made out a *prima facie* case against Porter under both statutes.

At the close of all the evidence, Porter failed to renew his motion for a directed verdict, and the jury returned a verdict on special interrogatories. The jury found that defendant Porter had committed common law fraud as well as consumer fraud, in violation of 6 *Del.C.* § 2513, and had engaged in deceptive trade practices, in violation of 6 *Del.C.* § 2532. However, the jury found against both Edwards and Porter on their respective breach of contract claims. The jury then awarded Edwards compensatory damages of $5,700, as well as punitive damages of $2,300.

After plaintiff Edwards filed a motion for treble damages, prejudgment interest, costs and attorney's fees under the DTPA, defendant Porter filed a motion for judgment n.o.v. under Rule 50(b) on both fraud claims, common law and consumer fraud, and to set aside the damage award under the DTPA. Edwards opposed the motions on procedural grounds and on their merits.

In an unreported letter opinion dated July 26, 1991, Superior Court, addressing Porter's motion for judgment n.o.v. on its merits, denied the motion and granted plaintiff Edwards' motion for treble damages, prejudgment interest, costs and attorney's fees. The court ruled that Edwards had standing to maintain a private cause of action under the DTPA, entitling him to a treble damage award. The court also found that, while Edwards had no actionable claim under the DCFA for Porter's alleged breach of its lease agreement, Edwards did have a statutory claim for consumer fraud through Porter's sale of its servicing of its leased vehicles. Finally, the court found the evidence to support the jury's finding of defendant's commission of common law fraud. As stated, we do not reach the merits of either claim of reversible error.

■ Defendant Porter lacks standing to assert a claim of error of law by Superior Court in its construction and application of the DTPA for Porter's failure to comply with Rule 50(b). By failing to renew its motion for a directed verdict at the close of all the evidence, defendant Porter lacked standing to move for judgment n.o.v., and the motion should have been dismissed as procedurally barred. Rule 50(b) provides, in pertinent part:

    **(b) Motion for Judgment Notwithstanding the Verdict.** Whenever a mo-

tion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the Court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than 10 days after entry of judgment, a party who has moved for a directed verdict, may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with the party's motion for a directed verdict....

The law is well settled that a motion for a directed verdict, filed in compliance with Rule 50(b), "is a prerequisite to a motion for judgment notwithstanding the verdict...." *Peters v. Gelb*, Del.Supr., 314 A.2d 901, 904 (1974); *Episcopo v. Minch*, Del.Supr., 203 A.2d 273, 276 (1964); 5A James W. Moore et al., *Moore's Federal Practice* ¶ 50.08 (2d ed. 1992); Am.Jur.2d *Judgments* § 142 (1969). Therefore, defendant Porter's motion for judgment n.o.v. was not properly before Superior Court, and defendant Porter lacks standing to raise on appeal the correctness of the trial court's construction and application of the DTPA.

■ This Court also declines, on grounds of mootness or, at best, harmless error, to address defendant Porter's remaining claim that Superior Court committed legal error in finding an actionable claim for relief to lie against Porter under the DCFA. We so rule because Porter has not appealed the adverse finding and judgment of common law fraud, the measure of damages of which Porter concedes to be the same as for consumer fraud. *See Stephenson v. Capano Dev., Inc.*, Del.Supr., 462 A.2d

1069, 1074, 1076 (1983); *accord Pack & Process, Inc. v. Celotex Corp.*, Del.Super., 503 A.2d 646, 658 (1985).

\*   \*   \*

Affirmed.

\*   \*   \*

## ON MOTION FOR REARGUMENT

Appellant, defendant-below Porter, has moved for reargument of this Court's order of September 28, 1992, in which we affirmed the decision of the Superior Court. In this petition Porter contends that a motion for a directed verdict by a defendant made at the close of the plaintiff's case need not be renewed, as a matter of law, at the close of all the evidence to entitle defendant to move for a judgment notwithstanding the verdict pursuant to Superior Court Civil Rule 50(b). To require a defendant to renew the motion for directed verdict before moving for judgment n.o.v. would, in appellant's opinion, "constitute[ ] a triumph of form over substance." Thus, by implication, Porter asserts that it was erroneous for this Court to refuse to consider the merits of its claim under the Delaware Deceptive Trade Practices Act, 6 *Del.C.*, ch. 25, on the ground that Porter's motion for judgment n.o.v. was not properly before the trial court since Porter had failed to renew its motion for directed verdict at the close of all the evidence.

In support of its motion for reargument, Porter advances essentially two claims. First, Porter contends that, in light of Rule 50(a), Rule 50(b) should not be construed to require a defendant to renew a motion for directed verdict previously made during the trial.[2] Porter also questions the Delaware

---

**2.** Superior Court Civil Rule 50 provides, in pertinent part:

**RULE 50. MOTION FOR A DIRECTED VERDICT AND FOR JUDGMENT NOTWITHSTANDING THE VERDICT**

**(a) Motion for Directed Verdict; When Made; Effect.** A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though

all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the Court granting a motion for a directed verdict is effective without any asset of the jury.

**(b) Motion for Judgment Notwithstanding the Verdict.** Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the Court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than 10 days after entry of judgment, a party who has moved for a directed verdict, may

authority cited in our order as support for our interpretation of Rule 50(b). Second, Porter seeks to draw support for its position by analogizing Superior Court Civil Rule 50 to the corresponding rule in the Federal Rules of Civil Procedure (herein, "F.R.C.P. 50").[3] While we acknowledge the distinction between this case and *Peters v. Gelb*, Del.Supr., 314 A.2d 901 (1974),[4] Porter's reliance on F.R.C.P. 50 is misplaced. Indeed, as hereafter shown, federal decisional law interpreting F.R.C.P. 50(b) is in accord with our interpretation of Rule 50(b).

In its motion Porter relies upon certain language in Rule 50(a)[5] and this Court's decision in *Episcopo v. Minch*, Del.Supr., 203 A.2d 273, 276 (1964),[6] as supporting its position. However, all Rule 50(a) relates to is the right of a party to offer evidence if a motion for a directed verdict is denied. Likewise, the quoted passage from *Episcopo* does not advance Porter's position. In our view, to invoke Rule 50(b) requires more than simply complying with Rule

50(a); otherwise there is no reason for the opening sentence of Rule 50(b) to contain the words "made at the close of all the evidence."

Porter's reading of Rule 50(a) and (b) is generally at variance with federal cases applying F.R.C.P. 50(a) and (b). Our Superior Court rule, although not identical with, closely parallels the federal rule. The great weight of authority represented in the decisions of the federal appellate courts requires a defendant to renew a motion for a directed verdict at the close of all the evidence to enable the defendant to move for judgment n.o.v. *See, e.g., Farley Transp. Co. v. Santa Fe Trail Transp. Co.*, 9th Cir., 786 F.2d 1342, 1345 (1985); *Bonner v. Coughlin*, 7th Cir., 657 F.2d 931, 938 (1981); *Beebe v. Highland Tank & Mfg. Co.*, 3rd Cir., 373 F.2d 886, 888, *cert. denied*, 388 U.S. 911, 87 S.Ct. 2115, 18 L.Ed.2d 1350 (1967).

Porter argues that requiring a defendant to renew its initial motion for a directed

---

move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with the party's motion for a directed verdict. . . .

**3.** Rule 50 of the Federal Rules of Civil Procedure provides, in pertinent part:

**Rule 50. Judgment as a Matter of Law in Actions Tried by Jury; Alternative Motion for New Trial; Conditional Rulings**
**(a) Judgment as a Matter of Law.**
**(1)** If during a trial by jury a party has been fully heard with respect to an issue and there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue, the court may grant a motion for judgment as a matter of law against that party on any claim, counterclaim, cross-claim, or third party claim that cannot under the controlling law be maintained without a favorable finding on that issue.
**(2)** Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.
**(b) Renewal of Motion for Judgment After Trial; Alternative Motion for New Trial.** Whenever a motion for a judgment as a matter of law made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Such a motion may be renewed by

service and filing not later than 10 days after entry of judgment.
Fed.R.Civ.P 50(a) & (b). We recognize that through a 1991 amendment to F.R.C.P. 50 the federal rules abandoned the terms "directed verdict" and "judgment notwithstanding the verdict." Despite these changes, however, the comments accompanying the rule indicate that the present F.R.C.P. 50 retained the concepts of the former version.

**4.** The issue at bar and *Peters* are factually distinguishable since in *Peters* the defendants had withdrawn their motion for a directed verdict while in this case Porter's motion was denied by the trial court.

**5.** Porter cited to, and emphasized, the following portion of Rule 50(a) in its motion for reargument:

A party who moves for a directed verdict *at the close of the evidence offered by an opponent* may offer evidence in the event that the Motion is not granted, without having reserved the right so to do and to the same extent as if the Motion had not been made. . . .
Super.Ct.Civ.R. 50(a).

**6.** The important language from *Episcopo* cited by Porter states, "It is clear that a motion under Rule 50(b) is dependent upon the making of a proper motion under Rule 50(a)." *Episcopo*, 203 A.2d at 276.

verdict before moving for a judgment n.o.v. is a "hyper-technical requirement." We disagree and concur with the Ninth Circuit's explanation for the requirement. As the Ninth Circuit stated, the purpose for the renewal of the initial motion at the close of all the evidence is that a failure to do so:

> may lull the opposing party into believing that the moving party has abandoned any challenge to the sufficiency of the evidence once all of the evidence had been presented. If the moving party is then permitted to make a later attack on the evidence through a motion for judgment notwithstanding the verdict or on appeal, the opposing party may be prejudiced by having lost the opportunity to present additional evidence before the case was submitted to the jury.

*Farley Trans. Co.,* 786 F.2d at 1346. Thus, the requirement of renewal is not without a purpose and Porter's "substance over form" plea misses the point.

By the great weight of authority, failure of a defendant to renew at the close of all evidence a previously denied motion for directed verdict is generally found to be an implied waiver of the prior motion, so as to preclude the defendant from moving for a judgment n.o.v. pursuant to F.R.C.P. 50(b). *Bonner,* 657 F.2d at 938; *Beebe,* 373 F.2d at 888. The Third and Ninth Circuits have adopted a strict application of this rule. *See, e.g., Farley Trans. Co.,* 786 F.2d at 1345; *Beebe* 373 F.2d at 888. In doing so, the Ninth Circuit explained:

> Rule 50(b) read as a whole plainly provides that only a motion for a directed verdict made "at the close of all the evidence" preserves the legal objection to the sufficiency of the evidence for further consideration by the trial court after the return of the verdict.

*Farley,* at 1345. Other circuits have opted for a case-by-case application of the implied waiver rule depending on the facts. *See e.g., Bonner,* 657 F.2d at 983 (implied waiv-

er rebutted when trial court reserved decision on the motion or where, after plaintiff moved for a directed verdict, defendant sought jury instruction that amounted to reargument of a previously denied motion for a directed verdict). Since this case does not present any of the exceptions to the rule of implied waiver, Porter's failure to renew its motion for a directed verdict at close must be considered an implied waiver of its earlier motion.[7]

*Beebe* is indistinguishable from this case. In *Beebe,* the defendant, having introduced evidence on the question of its liability regarding the issue on which a direction was sought, failed to renew its motion for a directed verdict at the close of all the evidence. Since the defendant was deemed to have waived any error by the trial court in its denial of the initial motion, the trial court was found to lack "authority" to exercise its powers under F.R.C.P. 50(b) when a subsequent motion for judgment n.o.v. was filed. *Beebe,* 373 F.2d at 888. Thus, federal decisional law supports this Court's construction and application of Rule 50(b) to the facts of this case. Porter, by failing to renew its motion for directed verdict, is deemed to have waived its earlier motion and to have deprived Superior Court of standing to consider its Rule 50(b) motion for judgment n.o.v.

Through this decision we make explicit what we believe to have been implicit in Rule 50(b). Hence, for the above-stated reasons, we affirm our previous ruling in this matter and find that Superior Court lacked jurisdiction to consider Porter's motion for judgment n.o.v. as Porter failed to renew its initial motion for a directed verdict prior to the close of all the evidence.

\* \* \*

Appellant's motion for reargument is denied.

---

7. The Court chooses not to use this case to determine whether a strict application of the implied waiver rule or a subjective case-by-case review is the standard trial courts are to apply when reviewing a motion for judgment n.o.v. where the defendant has not renewed its initial motion for a directed verdict.