# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DANIELLE NORWOOD,                         :
                                          :
            Appellant,                    :       C.A. No. K19A-04-001 JJC
                                          :       In and for Kent County
      v.                                  :
                                          :
ROXANA VOLUNTEER FIRE                     :
COMPANY, and UNEMPLOYMENT                 :
INSURANCE APPEAL BOARD,                   :
                                          :
            Appellees.                    :

## ORDER

Submitted:  July 2, 2019
Decided:  September 9, 2019

***Upon Consideration of Appellant's Appeal from the Decision of the Unemployment Insurance Appeal Board* – REVERSED and REMANDED**

On this 9th day of September, 2019, having considered the briefs and the record in this case, it appears that:

1.      Appellant Danielle Norwood appeals an adverse decision of the Delaware Unemployment Insurance Appeal Board (hereinafter the "UIAB" or the "Board").  The Board dismissed her appeal after neither her nor her counsel appeared in person at the hearing to request a continuance.

2.      Ms. Norwood worked for the Roxana Volunteer Fire Company (hereinafter "Roxana") from approximately November 2, 2016, until her termination on September 25, 2017.  Thereafter, she filed a claim for unemployment benefits on September 30, 2018.  After a hearing, a Claims Deputy found in her favor and awarded her benefits.

3.     Roxana then appealed the Claims Deputy's decision and an Appeals Referee reversed the decision on January 31, 2019. Ms. Norwood timely appealed the Referee's decision to the UIAB and a hearing was scheduled for February 27, 2019. Six days before that hearing, Ms. Norwood requested a continuance to hire counsel. The UIAB granted the continuance and rescheduled the hearing for March 13, 2019.

4.     After Ms. Norwood hired counsel, her attorney entered his appearance and sent a written continuance request by facsimile on March 6, 2019. The UIAB received it seven days before the hearing. In it, her attorney informed the Board that he could not appear at the hearing on March 13th because he had a prior scheduled court conflict. The UIAB never replied to the request in writing. What follows is counsel's representations regarding what happened. Namely, counsel for Ms. Norwood represents that the day prior to the hearing, on March 12th, a UIAB employee called him and left a message requesting a return call. A paralegal at his firm returned that call the same day, and no one answered. She then left a message requesting a return call. After receiving no response, the paralegal called the Board again the next morning. At that point, UIAB personnel told her that the Board had dismissed the case because Ms. Norwood failed to appear in person at the hearing to request the continuance.

5.     The record is silent regarding these continuance related exchanges except for (1) the written continuance request by Ms. Norwood's attorney, and (2) a handwritten note on the request, as it appears in the Board's certified record. The note confirms Ms. Norwood's position regarding the disposition of the request. Namely, it reads that it was "denied. must. cont. in person."[1]

6.     Thereafter, Ms. Norwood filed a motion for rehearing on March 29,

---

[1] Record at 145.

2019, eleven days after the UIAB mailed its decision. The UIAB denied the motion for rehearing as untimely. Ms. Norwood then filed a timely appeal in this Court.

7. This Court's appellate review of the UIAB's factual findings is limited to determining whether the Board's decision was supported by substantial evidence and whether it committed an error of law.[2] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] On appeal, the Court views the facts in the light most favorable to the prevailing party below.[4] Moreover, the Court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[5] Absent errors of law, which are reviewed *de novo*, a decision of the UIAB supported by substantial evidence will be upheld unless the Board abused its discretion.[6] The Board abuses its discretion when its decision exceeds the bounds of reason in view of the circumstances.[7] As with other fact finding bodies, requests for a continuance are left to the discretion of the Board.[8] Accordingly, "a discretionary ruling by . . . [an] administrative body on a motion for a continuance will not be set aside, unless that decision is unreasonable and capricious."[9]

8. Trial judges have wide discretion when deciding requests for a continuance.[10] Appellate courts are reluctant to reverse such decisions.[11] In this

---

[2] *Bullock v. K-Mart Corp.*, 1995 WL 339025, at *2 (Del. Super. May 5, 1995) (citing *General Motors v. Freeman*, 164 A.2d 686, 688 (Del. 1960)).

[3] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

[4] *Chudnofsky v. Edwards*, 208 A.2d 516, 518 (Del. 1965).

[5] *Bullock*, 1995 WL 339025, at *2 (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)).

[6] *Hoffecker v. Lexus of Wilm.*, 2012 WL 341714, at *1 (Del. Feb. 1, 2012).

[7] *Id.*

[8] *Secrest v. State*, 679 A.2d 58, 64 (Del. 1996).

[9] *In re Kennedy*, 472 A.2d 1317, 1331 (Del. 1983).

[10] *Secrest*, 679 A.2d at 64.

[11] *See e.g. Weber v. State,* 971 A.2d 135, 157–58 (Del. 2009) (affirming the denial of a defendant's continuance request because of the unavailability of a single witness whose testimony was not central to defendant's case); *Raymond Heartless Inc. v. State,* 401 A.2d 921, 923 (Del. 1979)

administrative context, the Board has the same level of discretion as if it were a trial court. Such discretion, however, is not without limits. Courts and administrative agencies must remain mindful that "a rigid insistence by the court [or agency] upon expedition of trial [or a hearing] in the face of a justifiable request for delay can render the right to defend an empty formality."[12] In certain cases, a denial of a continuance may be unreasonable to the degree that it is arbitrary and capricious.

9.  Here, Ms. Norwood (through her attorney) requested a continuance in writing greater than six days before the hearing. By doing so, it met the requirements in the UIAB's regulations. After Ms. Norwood's counsel sent the request, the record demonstrates no positive or negative response from the Board. While the Court understands the Board's need to expedite hearings and its broad discretion when considering continuance requests, at the outset, the Board must at least fairly consider a continuance request.

10.  The UIAB Regulations address the standards applicable to UIAB continuance requests. Namely, they provide that "[a]pplications for a continuance or postponement of any hearing shall be made in writing to the Board office no later than 6 days prior to the hearing."[13] They also require the movant to state the reasons for the request.[14] Furthermore, continuance requests made less than six days prior to the hearing must "set forth with specificity the reason(s) for the continuance or

---

(holding that the Superior Court's denial of a continuance request in a criminal matter was not an abuse of discretion, because the defendant unilaterally failed to communicate with his hired counsel in the six weeks prior to trial); *and Hicks v. State*, 434 A.2d 377, 381 (Del. 1981) (finding the trial court's denial of a continuance request to allow the defendant to retain other counsel was not an abuse of discretion, because plaintiff had previously received an eleven week continuance and the second continuance was made right before trial). *Cf. Orona v. Little Sisters of the Poor,* 2002 WL 31814620, at *2 (Del. Super. Dec. 9, 2002) (holding that the UIAB's denial of a continuance request without providing a basis for its refusal was an abuse of discretion).

[12] *Secrest*, 679 A.2d at 65.
[13] UIAB Regulation 4.4.1.
[14] *Id.*

4

postponement, and shall typically only be granted for reasons of unanticipated emergencies."[15]  The Regulations do not distinguish between a first and a second request for a continuance.  Rather, the Regulations only distinguish continuance requests made before or after six days before the hearing.

11.    Apart from its Regulations, the Board also provides written hearing instructions to parties.  It updated these instructions in January 2019 and claims that it sent them to Ms. Norwood on March 1, 2019, which Ms. Norwood does not contest.  Under the revised instructions, the Board must decide a "first request for postponement or continuance based on need" and any subsequent requests "must include a showing of unanticipated emergency circumstances" and will "very rarely [be] granted."[16]  As with UIAB regulations, the instructions further specify that *all* continuance requests must be made no less than *six calendar days* prior to the hearing.[17]

12.    The UIAB argues that it appropriately scrutinized this second request to a greater degree than if it were a first continuance request.  Namely, it argues that the letter referenced no unanticipated emergency.  Despite its after-the-fact argument, however, the parties collectively cite only one reason relayed to Ms. Norwood for the denial: that Ms. Norwood or her counsel did not appear in person at the time of the scheduled hearing to request a continuance.[18]  Neither the instructions nor the Regulations require that a party appear live to do so.  Ms. Norwood complied with the Board's Regulations by filing a written continuance

---

[15] UIAB Regulation 4.4.2.
[16] UIAB Instructions (Jan. 30, 2019), efiling Transaction ID 63364110.
[16] UIAB Regulation 4.4.1.
[17] UIAB Instructions, at Transaction ID 633364110.
[18] The Court recognizes that this is based upon representations of counsel for Ms. Norwood. Although the Court should confine its decision to matters appearing in the administrative record, the absence of a record, because the Board did not provide a written reason for its denial, alternatively requires reversal.  It is incumbent upon either a trial court or an administrative agency to create a record sufficient for review.  Here, there was not one.

5

request more than six days before the hearing. She had the right to be represented by counsel at the UIAB hearing, and her counsel was unable to attend the hearing due to a prior commitment in a Delaware court. Given a stated conflict with a Delaware court, the Board could not have reasonably expected counsel for Ms. Norwood to be present at the time of the hearing. Requiring this where the Board never communicated this requirement to Ms. Norwood was an abuse of discretion.

13. Furthermore, despite complying with the Board's Regulations and requesting the continuance more than six days before the hearing, the Board never formally responded to the continuance request. Instead, given an absence of any written record, the Court is left to accept Ms. Norwood's representations regarding what happened (which the Board does not contest in its brief). Namely, a Board staff member waited until the day before the hearing to contact Ms. Norwood's attorney, left a message asking for a return call, and was unavailable when the call was returned. It was only after Ms. Norwood's attorney's office again contacted the Board on the following day that a staff member told the attorney that the Board had dismissed her appeal because no one appeared in person. An inconsistency is apparent in (1) requiring a continuance request, by Regulation, six days in advance of a hearing, while (2) simultaneously entertaining only a live request for a continuance on the day of the hearing. Accordingly, the Board's actions directly conflict with its own Regulations and instructions. An agency's disregard of its own rule designed to afford due process of law makes agency action violating its own rule invalid.[19] Stated differently, "[w]here the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures."[20]

14. The Delaware Supreme Court recognized that trials and appeals "should, where possible and where the other side has not been prejudiced, be decided

---

[19] *Dugan v. DHRC*, 752 A.2d 529, 531 (Del. 2000).
[20] *Id.* (citations omitted).

on the merits and not upon nice technicalities of practice."[21]  In this case, the Board's actions in denying the continuance must be reversed for two reasons.  First, the Board required Ms. Norwood or her counsel to physically attend a hearing to request a continuance, when her counsel had already explained in writing that he could not attend.  The Board employee's handwritten note on the continuance request indicates that the Board denied the continuance because no one appeared in person on the day of the hearing to request it.   Such a requirement directly conflicts with the Board's own Regulations requiring a continuance request to be made in writing at least six days before a hearing.  Second, it abused its discretion by failing to fairly consider Ms. Norwood's reason for the request.   As a result, the Board's denial of the request was legal error and an abuse of discretion.  Ms. Norwood's appeal must be decided on the merits.

**NOW THEREFORE**, for the reasons cited, the UIAB's decision to dismiss the appeal is **REVERSED** and **REMANDED** for a hearing to be conducted in accordance with its procedures.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

---

[21] *Episcopo v. Minch*, 203 A.2d 273, 275 (Del. 1964).

7